IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDGAR REYNA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. |
| § | |
| EPIROC DRILLING SOLUTIONS, § | |
| LLC, § | |
| § | |
| Defendant. § | |

## NOTICE OF REMOVAL

Defendant Epiroc Drilling Solutions, LLC ("Defendant" or "the Company") hereby notices the removal of this action pursuant to 28 U.S.C. §§ 1331, 1367, and 1446 to the United States District Court for the Northern District of Texas, and as grounds therefore states:

**1. Timeliness of Removal**

1. On or about March 10, 2023 Plaintiff Edgar Reyna ("Plaintiff") filed a civil action against Defendant in the District Court of Dallas County, Docket No. DC-23-03404. Copies of the Summons and Complaint are attached as **Exhibit A**, as required under 28 U.S.C. § 1446(a). These are the only process, pleadings, and orders served on Defendant in this action.

2. Defendant was served with the Complaint on April 14, 2023 by process server.

3. Accordingly, Defendant is timely filing this Notice of Removal within 30 days after service of process, as required by 28 U.S.C. § 1446(b).

**2. Venue**

4. The District Court of Dallas County is located within the Northern District of Texas. 28 U.S.C. § 124**.** Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

3. **Basis for Removal: Federal Question Jurisdiction**

5. This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6. Plaintiff's Complaint alleges that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) ("Title VII"), Section 1981 of the Civil Rights Act, 42 U.S.C. § 1981 ("Section 1981"), and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 ("ADA"), and asserts related claims under Texas Commission on Human Rights Act, Texas Labor Code § 21.00 et seq. ("TCHRA").

7. By asserting claims under federal law, namely, Title VII, Section 1981, and ADA, Plaintiff's Complaint asserts a federal question under 28 U.S.C. §1331. Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

4. **Supplemental Jurisdiction**

8. This Court has supplemental jurisdiction over Plaintiff's state law claims for race, color, national origin, and disability discrimination, harassment, hostile work environment, and retaliation under the TCHRA. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal causes of action "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

9. Here, Plaintiff's state law claims for discrimination, harassment, hostile work environment, and retaliation relate closely to his Title VII, Section 1981, and ADA claims. The claims all arise out of a common nucleus of operative facts. According to Plaintiff's Complaint, he is a Hispanic male who alleges his white supervisor discriminated against him on the basis of his race. Plaintiff further alleges his supervisor "singled him out," retaliated against, and harassed Plaintiff as a result of his reports and complaints to the Company. *See* Complaint. He claims he was deprived of a variety of work opportunities, including but not limited to: mentorship abilities, approval of time off requests, being passed over for overtime, and confronted about removing safety glasses. Plaintiff also injured his finger while on the job; he claims his injury qualifies as a disability. Plaintiff alleges he was discriminated against based on his injury. He claims the Company could no longer accommodate his disability, although he has remained since the injury, and is still, employed by the Company. Each allegation creates the basis for both Plaintiff's federal and state law claims. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims neither raise novel or complex issues of State law nor predominate over the claims over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Thus, removal is proper under 28 U.S.C. § 1441(c).

5. **Consent of All Defendants**

10. The Company is the only Defendant in this action.

6. **Conclusion**

11. In accordance with 28 U.S.C. § 1466, copies of this Notice of Removal will be promptly served upon counsel for all adverse parties and filed with the Clerk of the District Court

of Dallas County. A copy of Defendant's notice of filing to the state court is attached hereto as **Exhibit B**.

12. By removing this matter, Defendant does not waive or intend to waive any defense, including but not limited to insufficiency of process and insufficiency of service of process.

WHEREFORE, Defendant respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the Dallas County District Court to the United States District Court for the Northern District of Texas.

Respectfully submitted,

*s/ Eva W. Turner*

Eva W. Turner
Rachel E. Roney, *pro hac forthcoming*

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
8117 Preston Road, Suite 500
Dallas, TX  75225
214-987-3800 (phone)
214-987-3927 (fax)
eva.turner@ogletree.com
rachel.roney@ogletree.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May, 2023, a true and correct copy of the foregoing document was served via the Court's ECF system on the following:

Lisa Ventress
THE VENTRESS FIRM, P.C.
1322 Space Park Dr., Suite C222
Houston, Texas 77058
lisa@theventressfirm.com

*s/ Eva W. Turner*
Eva W. Turner