**EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **EDGAR REYNA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No.** |
| | § | |
| **EPIROC DRILLING SOLUTIONS, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## APPENDIX TO DEFENDANT'S NOTICE OF REMOVAL

Defendant Epiroc Drilling Solutions, LLC ("Defendant" or "the Company") files this Appendix in Support of its Notice of Removal.

| EXHIBIT NO. | DESCRIPTION |
|---|---|
| A | Summons and Complaint |
| B | Notice of Filing Notice of Removal |
| | State Court Docket Sheet |

Respectfully submitted,

*s/ Eva W. Turner*
Eva W. Turner
Texas Bar No. 24051485
Rachel E. Roney, *pro hac forthcoming*

OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
8117 Preston Road, Suite 500
Dallas, TX 75225
214-987-3800 (phone)
214-987-3927 (fax)
eva.turner@ogletree.com
rachel.roney@ogletree.com

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of May, 2023, a true and correct copy of the foregoing document was served electronically via the Court's ECF system on all counsel of record.

Lisa Ventress
THE VENTRESS FIRM, P.C.
1322 Space Park Dr., Suite C222
Houston, Texas 77058
lisa@theventressfirm.com

*s/ Eva W. Turner*
Eva W. Turner

# EXHIBIT

# A

EXHIBIT A

**Wolters Kluwer**

CT Corporation
Service of Process Notification
04/14/2023
CT Log Number 543633092

## Service of Process Transmittal Summary

**TO:**  Timothy Sturm, Vice President & Chief Counsel
EPIROC DRILLING SOLUTIONS LLC
2100 N 1st St
Garland, TX 75040-4102

**RE:**  **Process Served in Texas**

**FOR:**  EPIROC DRILLING SOLUTIONS LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Edgar Reyna // To: EPIROC DRILLING SOLUTIONS LLC |
| **CASE #:** | DC2303404 |
| **NATURE OF ACTION:** | Employee Litigation - Personal Injury |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 04/14/2023 at 12:17 |
| **JURISDICTION SERVED:** | Texas |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Timothy Sturm  timothy.sturm@epiroc.com |
| | Email Notification,  Christopher Bass  christopher.bass@epiroc.com |
| | Email Notification,  Rodrigo Zambrana  rodrigo.zambrana@epiroc.com |
| | Email Notification,  LILIANA RIVERO  liliana.rivero@epiroc.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 1999 Bryan Street |
| | Suite 900 |
| | Dallas, TX 75201 |
| | 866-665-5799 |
| | SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Fri, Apr 14, 2023
**Server Name:**                             Drop Service

| Entity Served | EPIROC DRILLING SOLUTIONS LLC |
|---|---|
| Case Number | DC2303404 |
| Jurisdiction | TX |

| Inserts | | |
|---|---|---|
| | | |



 **Proof**

# EPIROC DRILLING SOLUTIONS, LLC
## Serve Documents
Job #271412

Your Proof Territory Manager
contact information may be found
in your Proof app directly by
clicking on the job.

**Type:** Entity
**Registered Agent:** C T CORPORATION SYSTEM
**Subpoena:** No
**Witness Fee:** None
**Serve Speed:** Standard
**Primary Address:**
- 1999 Bryan St, SUITE 900, Dallas, TX 75201-3136

**Entity to be Served:** EPIROC DRILLING SOLUTIONS, LLC
**Matter Number/Name:** Edgar Reyna v. Epiroc
**Additional Notes:**

## Texas Serve Rules

**Notary:** Not Required

**Civil Subpoenas must be personally served.**

**Cannot serve on Sundays**

**Return of service must include the date and time when the documents for service were received by the server**

**Return of service must contain the statement below in substantially the same form:**

"My name is _____, my date of birth is _____, and (First) (Middle) (Last) my address is _____,_____,_____, _____, and (Street) (City) (State) (Zip Code) _____. I declare under penalty of perjury that the foregoing is true and correct. (Country) Executed in _____County, State of _____, on the ____ day of _____, (Month) _____. Year _____." (Declarant)

**INDIVIDUAL** + Personal - All documents must be hand delivered + Substituted - Only avaliable if ordered by Court

**CORPORATION** + Registered Agent + Officer + Texas Secretary of State if the Corporation's registered agent cannot be found

**PARTNERSHIP AND PARTNERS** + Registered Agent + Any Partner

**LIMITED LIABILITY COMPANY** + Registered Agent + Manager + Texas Secretary of if the LLC's registered agent cannot be found

**PUBLIC ENTITY (STATE, COUNTY, CITY, ETC.)** + Clerk, secretary, president, presiding officer, or other head of its governing body

# Attempt Log

| Date | Description |
| --- | --- |
| | |

# THE STATE OF TEXAS

**To:** **EPIROC DRILLING SOLUTIONS, LLC**
**REGISTERED AGENT C T CORPORATION SYSTEM**
**1999 BRYAN ST**
**SUITE 900**
**DALLAS TX 75201-3136**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **101st District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **EDGAR REYNA**

Filed in said Court **10th day of March, 2023** against

**EPIROC DRILLING SOLUTIONS, LLC**

For Suit, said suit being numbered **DC-23-03404,** the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 8th day of April, 2023**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
**MARTIN REYES**



---

**ESERVE**

# CITATION

---

No.: **DC-23-03404**

---

**EDGAR REYNA**
**vs.**
**EPIROC DRILLING SOLUTIONS, LLC**

---

**ISSUED**
**on this the 8th day of April, 2023**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **MARTIN REYES**, Deputy

---

**Attorney for Plaintiff**
**LISA VENTRESS**
1322 space park dr
SUITE c222
HOUSTON TX 77058
832-240-4365
lisa@theventressfirm.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

**OFFICER'S RETURN**

Cause No. DC-23-03404

Court No.: 101st District Court

Style: EDGAR REYNA
vs.
EPIROC DRILLING SOLUTIONS, LLC

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____ .M.

Executed at _____, within the County of _____ at _____

o'clock _____ .M. on the _____ day of_____, 20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation' together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:      To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____ County, _____ |
| For Notary | $_____ | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

20_____, to certify which witness my hand and seal of office.

_____
Notary Public_____ County_____

3/10/2023 6:43 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Belinda Hernandez DEPUTY

CAUSE NO. _____

| | | |
|---|---|---|
| **Edgar Reyna** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **JUDICIAL DISTRICT** 101st |
| | § | |
| | § | |
| **Epiroc Drilling Solutions, LLC** | § | **DALLAS COUNTY, TEXAS** |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Edgar Reyna, ("Plaintiff") in the above-styled cause, and files this Original Petition against Epiroc Drilling Solutions, LLC, ("Defendant") alleging violations under the Texas Commission on Human Rights Act ("TCHRA"), 42 U.S.C. § 1981, the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 for Defendant's unlawful employment practices on the basis of race, national origin, disability and retaliation, and would respectfully show unto the Court the following.

**I.**　　　　　**DISCOVERY CONTROL PLAN**

1.　　Plaintiff intends that discovery be conducted under Level 2 pursuant to Texas Rules of Civil Procedure 190.3.

2.　　Pursuant to Tex. R. Civ. P. 47, Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

**II.**　　　　　**PARTIES AND SERVICE**

3.　　Plaintiff, Edgar Reyna, is an individual who is a citizen of the State of Texas, residing in Garland, Texas, 75042 and who was at all times relevant hereto was a resident of Dallas County, Texas.

4.      Defendant, Epiroc Drilling Solutions, LLC is a Delaware Limited Liability Company doing business in Texas at 2100 North First St, Garland, TX 75046. Defendant is an employer within the meaning of the applicable statutes and employs more than fifteen (15) regular employees. Defendant may be served with process by any method authorized by Tex. R. Civ. P. 106, by serving its registered agent, C T Corporation System at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136, or wherever agent may be found.

**III.**                     **JURISDICTION AND VENUE**

5.      Venue is proper in Dallas County, Texas under Texas Civil Practice and Remedies Code §15.002(a)(1) and (3) because Plaintiff is domiciled in this state and county and Defendant has purposefully availed itself to the privilege of conducting business in the state of Texas. Defendant conducts business in Texas and has continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant's principal office in this state and county.

6.      Venue is proper in the Dallas County District Court of Texas, because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

7.      Venue is proper by virtue of 29 U.S.C. §2617(a)(2) which provides concurrent jurisdiction of actions arising under Title VII of the Civil Rights Act of 1964 , the American Disabilities Act, and 42 U.S.C. § 1981.

**IV.**                           **EXHAUSTION**

8.      Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission which was dual filed with the Texas Workforce

Commission pursuant to those agencies' work sharing agreement. After Plaintiff received notice of right to sue, Plaintiff brings this action within the requisite number of days allowed by law.

V.                       **FACTUAL BACKGROUND**

9.      Plaintiff is a Hispanic male, and was initially employed as an assembler on December 4, 2017.

10.     In July of 2018, Plaintiff's supervisor, Jackie Gugel (white, male), began to discriminate against him when he singled him out for getting additional tickets for a company picnic.

11.     Mr. Gugel informed Plaintiff things would get worse if he reported the incident to Human Resources. Plaintiff did go to HR.

12.     Mr. Gugel has continuously discriminated and harassed Plaintiff by denying him training, restricting job duties, restricting Plaintiff from walking in certain places of his place of employment and denying him promotions in favor of employees trained by Plaintiff.

13.     From November 2021 through May 11, 2022, Plaintiff has been watched and filmed on the job.

14.     In January 2022 Plaintiff injured his finger while on the job and as a result was placed on light duty.

15.     While recovering from his workplace injury Jackie insisted Plaintiff work on regular duty despite still being on light duty.

16.     Each time Plaintiff reported an infraction against Jackie, the harassment would intensify.

17.     On May 11, 2022, Tim Choate, another employee of Defendant, approached Defendant in an aggressive manner demanding Plaintiff work full duty despite still being on light duty due to his workplace injury.

18.     On May 20, 2022, Plaintiff was approached by his Lead man Peter Chung. Peter informed Plaintiff that he was no longer able to mentor Glenda Randal or Mrs. Aileen, a Black and Hispanic employee, and instead delegated the mentor role to a white employee.

19.     On June 9, 2022, Jackie approached Plaintiff and informed him that he was no longer welcomed on the production floor; was no longer allowed to be on the rigs; was no longer allowed to mentor employees and Plaintiff should clean his things up.

20.     After this interaction, Plaintiff became ill and taken to the emergency room.

21.     While in the emergency room, Plaintiff received text messages from his former coworkers that Jackie told them that if any employees try to come in and their badge doesn't work, to not help them, singling out Plaintiff.

22.     On June 10, 2022, Brett Border, vice president of operations of Defendant, informed Plaintiff that his badge was deactivated and instructed Plaintiff to stop making complaints about his company.

23.     A few days later, Plaintiff was brought back as an employee, but Jackie demoted Plaintiff from mentoring to cleaning beams, doors, shelves and tables, despite Plaintiff's workplace injury. Jackie laughed and ridiculed Plaintiff's work conditions.

24.     On July 7, 2022, human resource representatives met with Plaintiff and informed him Defendant could no longer accommodate his restrictions and deactivated Plaintiff's badge again. Plaintiff was placed on FMLA leave.

25.     Human resources contacted Plaintiff on August 4, 2022, regarding Plaintiff returning to work for a project within his restrictions despite mentoring being within Plaintiff's restrictions all along.

26.     Human resources then informed Plaintiff on August 14, 2022 that Plaintiff must have a medical evaluation to return to work, but continued to threaten Plaintiff's worker's compensation benefits. Plaintiff returned to work on August 18, 2022.

27.     On November 14, 2022, Plaintiff was forced to work while being sick with the flu. While working, Defendant's human resources department informed Plaintiff they could no longer accommodate Plaintiff's restrictions and his badge was once again deactivated.

28.     Plaintiff filed another complaint to human resources and was asked to return to work on November 21, 2022 with no restrictions.

29.     On November 22, 2022, while being shown new additions to a rig, Plaintiff was examining a scratch on his safety glasses when Jackie yelled at Plaintiff for having his glasses off. Plaintiff then witnessed Jackie have a conversation with other white coworkers and failed to mention the misuse of their safety equipment.

30.     Plaintiff followed up with human resources regarding the ongoing discriminatory behavior in December 2022, only to be ignored.

31.     On December 12, 2022, Plaintiff was working on a rig when Jackie approached Plaintiff and told him to be sure not use to his finger, singling out his workplace injury.

32.     On December 21, 2022, Jackie falsely accused Plaintiff of stealing tools from another co-worker.

33.     On December 27, 2023, human resources spoke with Plaintiff about an alleged tax discrepancy during Plaintiff's leave in August of 2022, despite not being compensated by Defendant at that time.

34.     On January 20, 2023, Jackie chose lesser experienced employees for overtime work over Plaintiff.

35.     Plaintiff reported this to human resources and on January 24, 2023, Plaintiff's Lead man Thang Nguyen confronted Plaintiff for reporting the discrimination to human resources.

36.     On January 30, 2023, Plaintiff's new Lead man Peter Chung instructed Plaintiff and two trainees to complete a task customarily done by six experienced employees, in hopes that Plaintiff would make a mistake.

37.     Plaintiff reported this to human resources and Peter Chung retaliated against Plaintiff by refusing to sign a time off request for Plaintiff on February 6, 2023.

**VI.**                              **CAUSES OF ACTION**

**A.    COUNT 1: NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII**

38.     Plaintiff restates and incorporates by reference, all of the foregoing allegations in each of the paragraphs above as is fully set forth herein.

39.     Title VII of the Civil Rights Act of 1964, amended by the Rights Act of 1991 protects employees from discrimination based on National Origin. 42 U.S.C. § 2000e-2(a). Defendant intentionally discriminated against Plaintiff in violation of Title VII. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of his national origin within the meaning of the statute.

40.     Defendant, by and through Defendants agents, discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment in violation of 42 U.S.C. Section 2000e-(2)(a). The effect of these practices have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of Plaintiff's national origin (Hispanic).

41.     Defendant, by and through Defendant's agents, discriminated against Plaintiff on the basis of National Origin with malice or with reckless indifference to the protected rights of Plaintiff.

42.     Defendant, by and through its agents, intentionally deprived Plaintiff of an equal employment opportunity that was provided to non-hispanic employees similarly situated in violation of Title VII.

**B. COUNT 2: NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TCHRA.**

43.     Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

44.     Discrimination against an individual based on National Origin is prohibited pursuant to TCHRA.

45.     At all relevant times, Plaintiff was qualified for the position he held during his employment with Defendant.

46.     Defendant, by and through its agents discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment, or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's national origin (Hispanic) in violation of TCHRA.

## C. COUNT 3: HARASSMENT, HOSTILE WORKPLACE, RACE AND COLOR DISCRIMINATION IN VIOLATION OF TITLE VII.

47.     Plaintiff restates and incorporates by reference, all the foregoing allegations in each of the paragraphs above as is fully set forth herein.

48.     Title VII of the Civil Rights Act of 1964, amended by the Civil Rights Act of 1991 protects employees from discrimination based on race. 42 U.S.C. § 2000e-2(a).

49.     Defendant intentionally discriminated against Plaintiff in violation of Title VII. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of his race within the meaning of the statute.

50.     Defendant, by and through Defendants agents, discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment in violation of 42 U.S.C. Section 2000e-(2)(a). The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of race.

51.     Defendant, by and through Defendant's agents, discriminated against Plaintiff on the basis of race with malice or with reckless indifference to the protected rights of Plaintiff.

52.     Defendant, by and through its agents, intentionally deprived Plaintiff of an equal employment opportunity that was provided to non-hispanic employees similarly situated in violation of Title VII.

**D.     COUNT 4: RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981.**

53.     Plaintiff restates and incorporates by reference, all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

54.     Discrimination against an individual based on race is prohibited pursuant to 42 U.S.C. §1981.

55.     Plaintiff is a Hispanic citizen and is covered under 42 U.S.C. §1981.

56.     At all relevant times, Plaintiff was qualified for the position they held during his employment with Defendant.

57.     Defendant, by and through Defendant's agents, intentionally engaged in unlawful employment practices involving Plaintiff because of his race.

58.     Defendant, by and through Defendant's agents, discriminated against Plaintiff with respect to the benefits, privileges, terms, and conditions of his employment in violation of 42 U.S.C. § 1981. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his race.

59.     Defendant, by and through Defendant's agents, discriminated against Plaintiff on the basis of race with malice or with reckless indifference to the federally protected rights of the Plaintiff.

60.     Defendant, by and through Defendant's agents, intentionally deprived Plaintiff of an equal employment opportunity that was provided to other non-hispanic employees similarly situated in violation of 42 U.S.C. § 1981.

**E.      COUNT 5: HARASSMENT, HOSTILE WORKPLACE, RACE and COLOR DISCRIMINATION IN VIOLATION OF TCHRA.**

61.     Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

62.     Discrimination against an individual based on race is prohibited pursuant to TCHRA.

63.     At all relevant times, Plaintiff, was qualified for the position he held during his employment with Defendant.

64.     Defendant, by and through Defendant's agents discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment, or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's race (hispanic) in violation of TCHRA.

**F.      COUNT 6: DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT.**

65.     Plaintiff, restates and incorporates by reference, all of the foregoing allegations in

each of the paragraphs above as if fully set forth herein.

66.     Discrimination against an individual based on disability is prohibited pursuant to The Americans with Disabilities Act of 1990, as amended.

67.     At all relevant times, Plaintiff, was qualified for the position he held during his employment with Defendant.

68.     Defendant, by and through Defendant's agents, intentionally engaged in unlawful employment practices involving Plaintiff, because of his disability.

69.     Defendant discriminated against Plaintiff, in connection with the compensation, terms, conditions, and privileges of employment, or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's disability in violation of The Americans with Disabilities Act of 1990, as amended.

**G.      COUNT 7: DISABILITY DISCRIMINATION IN VIOLATION OF TCHRA.**

70.     Plaintiff, restates and incorporates by reference, all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

71.     Discrimination against an individual based on disability is prohibited pursuant to TCHRA.

72.     At all relevant times, Plaintiff, was qualified for the position he held during his employment with Defendant.

73.     Defendant, by and through Defendant's agents, intentionally engaged in unlawful employment practices involving Plaintiff, in connection with the compensation, terms, conditions, and privileges of employment, or limited, segregated, or classified Plaintiff in

a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's disability in violation of the TCHRA.

## H.     COUNT 8: RETALIATION

74.     Plaintiff restates and incorporate by reference, all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

75.     Title VII, U.S. §1981, the ADA, and the TCHRA, protect employees that engage in a protected activity from retaliation by his employer.

76.     Plaintiff engaged in conduct protected under Title VII, 42 U.S.C. §1981, the ADA, and TCHRA.

77.     Plaintiff was subjected to an adverse employment action at the time, and after, the protected conduct occurred.

## VII.          RESPONDEAT SUPERIOR AND RATIFICATION

78.     Whenever in this complaint it is alleged that the Defendant did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendants officers, agents, servants, employees or representatives.

## VIII.          DAMAGES

79.     As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and

employment benefits in the future. Plaintiff have also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## IX. ATTORNEY'S FEE AND COSTS

80.     Plaintiff are entitled to an award of attorney's fees and costs under Title VII, 42 U.S.C. §2000e-5(k) and 42 U.S.C §1988, 29 U.S.C § 2617, and §21.259 of the Texas Labor Code.

## X. JURY DEMAND

81.     Plaintiff request a trial by jury on all issues that can be tried to a jury.

## XI. PRAYER

WHEREFORE, premises considered, Plaintiff pray that the Defendant be cited to appear and answer herein, and that upon a final trial, judgment be entered for Plaintiff against Defendant for:

a.      actual and consequential damages, including, but not limited to back pay (wages and benefits);

b.      compensatory damages, including, but not limited to severe emotional distress, mental anguish, humiliation and embarrassment in the past and which in reasonable probability will be suffered in the future;

c.      Punitive damages in an amount above the minimum jurisdictional limit of the Court;

d.      Liquidated damages,

e.      Reasonable attorney's fees, with conditional awards in the event of appeal;

f.      Pre-judgment interest at the highest rate permitted by law;

g.      Post-judgment interest from the judgment until paid at the highest rate permitted by law;

h.      Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action; and

i.      Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Complaint or by any amendment hereto.

Respectfully submitted,

By:  */s/ Lisa Ventress*
     Lisa Ventress
     Texas Bar No. 24076751
     THE VENTRESS FIRM, P.C.
     1322 Space Park Dr. Suite C222
     Houston, Texas 77058
     (832) 240-4365 – Phone
     (832) 565-1752 –Fax
     lisa@theventressfirm.com
     **ATTORNEY FOR PLAINTIFF**

FILED
04/06/2023 2:48 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
KARI MALONE, DEPUTY

1 CIT ESERVE

## CAUSE NO. DC-23-03404

| | | |
|---|---|---|
| **Edgar Reyna** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **Epiroc Drilling Solutions, LLC** | § | **DALLAS COUNTY, TEXAS** |
| *Defendant.* | § | |

## PLAINTIFF'S REQUEST FOR ISSUANCE

**NAME OF DOCUMENTS TO BE SERVED:** Plaintiff's Original Petition

**FILE DATE:** 03-10-2023

**ISSUE SERVICE TO:** EPIROC DRILLING SOLUTIONS, LLC
ADDRESS OF SERVICE: 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136
AGENT: C T Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** Citation

**SERVICE BY:** E-Issuance by District Clerk

**ISSUANCE OF SERVICE REQUEST BY:**

Attorney/Party Name: Lisa Ventress
Bar No. : 24076751
Mailing Address: 1322 Space Park Drive, Suite C222, Houston, Texas 77058
Phone Number: 832-240-4365

# EXHIBIT

# B

**EXHIBIT B**

**CAUSE NO. DC-23-03404**

| | | |
|---|---|---|
| **EDGAR REYNA,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **101st JUDICIAL DISTRICT** |
| | § | |
| **EPIROC DRILLING SOLUTIONS, LLC,** | § | |
| | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

**NOTICE OF FILING NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1446, Defendant Epiroc Drilling Solutions, LLC, provides notice that a Notice of Removal of this action to the United States District Court for the Northern District of Texas, Dallas Division was duly filed in the Office of the Clerk of the United States District Court for the Northern District of Texas, Dallas Division on May 8, 2023.  A true and accurate copy of the Notice of Removal and Appendix are attached hereto as ***Exhibit A***.

Respectfully submitted,

*s/ Eva W. Turner*
Eva W. Turner
Texas Bar No. 24051485
Rachel E. Roney, *pro hac forthcoming*

OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
8117 Preston Road, Suite 500
Dallas, TX  75225
214-987-3800 (phone)
214-987-3927 (fax)
eva.turner@ogletree.com
rachel.roney@ogletree.com

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this 8th day of May, 2023, a true and correct copy of the foregoing document was served electronically via the Court's ECF system on the following:

     Lisa Ventress
     THE VENTRESS FIRM, P.C.
     1322 Space Park Dr., Suite C222
     Houston, Texas 77058
     lisa@theventressfirm.com

                                         *s/ Eva W. Turner*
                                         Eva W. Turner

# STATE COURT
# DOCKET SHEET

## Case Information

DC-23-03404 | EDGAR REYNA vs. EPIROC DRILLING SOLUTIONS, LLC

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-23-03404 | 101st District Court | WILLIAMS, STACI |
| File Date | Case Type | Case Status |
| 03/10/2023 | EMPLOYMENT | OPEN |

## Party

PLAINTIFF
REYNA, EDGAR

Active Attorneys ▾
Lead Attorney
VENTRESS, LISA
Retained

DEFENDANT
EPIROC DRILLING SOLUTIONS, LLC

Address
REGISTERED AGENT, C T CORPORATION SYSTEM
1999 BRYAN ST
SUITE 900
DALLAS TX 75201-3136

## Events and Hearings

03/10/2023 NEW CASE FILED (OCA) - CIVIL

03/10/2023 ORIGINAL PETITION ▼

ORIGINAL PETITION

04/06/2023 REQUEST FOR SERVICE ▼

REQUEST FOR SERVICE

Comment
EPIROC

04/06/2023 ISSUE CITATION ▼

ISSUE CITATION EPIROC DRILLING SOLUTIONS INC

04/08/2023 CITATION▼

Unserved

Anticipated Server
ESERVE

Anticipated Method
Comment
EPIROC DRILLING SOLUTIONS LLC

05/12/2023 DISMISSAL FOR WANT OF PROSECUTION ▼

Judicial Officer
WILLIAMS, STACI

Hearing Time
9:00 AM

## Financial

REYNA, EDGAR
| | |
|---|---:|
| Total Financial Assessment | $350.00 |
| Total Payments and Credits | $350.00 |
| | |
| 3/14/2023   Transaction Assessment | $350.00 |

| 3/14/2023 | CREDIT CARD - TEXFILE (DC) | Receipt # 16704-2023-DCLK | REYNA, EDGAR | ($213.00) |
| 3/14/2023 | STATE CREDIT | | | ($137.00) |

EPIROC DRILLING SOLUTIONS, LLC

|  | Total Financial Assessment | | | $8.00 |
|  | Total Payments and Credits | | | $8.00 |
| 4/7/2023 | Transaction Assessment | | | $8.00 |
| 4/7/2023 | CREDIT CARD - TEXFILE (DC) | Receipt # 22534-2023-DCLK | EPIROC DRILLING SOLUTIONS, LLC | ($8.00) |

## Documents

ORIGINAL PETITION

REQUEST FOR SERVICE

ISSUE CITATION EPIROC DRILLING SOLUTIONS INC