UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Edgar Reyna<br>**Plaintiff** | §<br>§<br>§<br>§<br>§<br>§ | |
| v. | §<br>§<br>§ | CIVIL ACTION NO. 3:23-cv-01005-X |
| Epiroc Drilling Solutions, LLC<br>*Defendants.* | §<br>§<br>§<br>§<br>§ | **(JURY TRIAL DEMANDED)** |

## AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Edgar Reyna, ("Plaintiff") in the above-styled cause, and files this Amended Complaint against Epiroc Drilling Solutions, LLC, ("Defendant") alleging violations under the Texas Commission on Human Rights Act ("TCHRA"), 42 U.S.C. § 1981, the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 for Defendant's unlawful employment practices on the basis of race, national origin, disability and retaliation, and would respectfully show unto the Court the following.

# I.
# PARTIES AND PERSONAL JURISDICTION

1.      Plaintiff, Edgar Reyna, is an individual who is a citizen of the State of Texas, residing in Garland, Texas, 75042 and who was at all times relevant hereto was a resident of Dallas County, Texas.

2.      Defendant, Epiroc Drilling Solutions, LLC is a Delaware Limited Liability Company doing business in Texas at 2100 North First St, Garland, TX 75046. Defendant is an employer within the meaning of the applicable statutes and employs more than fifteen (15) regular employees. Defendant may be served with process by any method authorized by Tex. R. Civ. P. 106, by serving its registered agent, C T Corporation System at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136, or wherever agent may be found.

# II.
# SUBJECT MATTER JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights and 42 U.S.C. § 1981 *et seq.*, as amended.

4.      Epiroc Drilling Solutions, LLC, ("Epiroc") is a Delaware Corporation doing business at 2100 N 1ST ST GARLAND, TX 75040-4102, United States.

5.      This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction upon this Court for all other claims that are so related to claims in the action within such original jurisdiction that they form part of the

same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)-(d) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, and Defendant maintains offices, conducts business and resides in this District.

7. Venue is proper by virtue of 29 U.S.C § 2617(a)(2) which provides concurrent jurisdiction of actions arising under Title VII of the Civil Rights Act of 1964.

## III.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff timely filed a charge of discrimination against Defendant with the Texas Workforce Commission ("TWC") which was dual filed with the Equal Employment Opportunity Commission ("EEOC") pursuant to those agencies' work sharing agreement. Plaintiff filed this action within the requisite number of days required by law.

## IV.
## FACTUAL BACKGROUND

9. Plaintiff, Edgar Reyna (Hispanic, Male) became employed with Defendant at the 2100 N First St Garland Tx 75040 location as an assembler on December 4, 2017.

10. In July of 2018, Plaintiff's supervisor, Jackie Gudgel (white, male), began to discriminate against him when he singled him out for getting additional tickets for a company picnic.

11. Mr. Gudgel informed Plaintiff things would get worse if he reported the incident to Human Resources. Plaintiff did go to HR.

12. Mr. Gudgel has continuously discriminated and harassed Plaintiff by denying him training, restricting job duties, restricting Plaintiff from walking in certain places of his

place of employment and denying him promotions in favor of employees trained by Plaintiff.

13. From November 2021 through May 11, 2022, Plaintiff has been watched and filmed on the job.

14. In January 2022 Plaintiff injured his finger while on the job and as a result was placed on light duty.

15. While recovering from his workplace injury Jackie insisted Plaintiff work on regular duty despite still being on light duty.

16. Each time Plaintiff reported an infraction against Jackie, the harassment would intensify.

17. On May 11, 2022, Tim Choate, another employee of Defendant, approached Plaintiff in an aggressive manner demanding Plaintiff work full duty despite still being on light duty due to his workplace injury.

18. On May 20, 2022, Plaintiff was approached by his Lead man Peter Chung. Peter informed Plaintiff that he was no longer able to mentor Glenda Randal or Mrs. Aileen, a Black and Hispanic employee, and instead delegated the mentor role to a white employee.

19. On June 9, 2022, Jackie approached Plaintiff and informed him that he was no longer welcomed on the production floor; was no longer allowed to be on the rigs; was no longer allowed to mentor employees and Plaintiff should clean his things up.

20. After this interaction, Plaintiff became ill and taken to the emergency room. While in the emergency room, Plaintiff received text messages from his former coworkers that Jackie told them that if any employees try to come in and their badge doesn't work, to not help them, singling out Plaintiff.

21. On June 10, 2022, Brett Border, vice president of operations of Defendant, informed Plaintiff that his badge was deactivated and instructed Plaintiff to stop making complaints about his company.

22. A few days later, Plaintiff was brought back as an employee, but Jackie demoted Plaintiff from mentoring to cleaning beams, doors, shelves and tables, despite Plaintiff's workplace injury. Jackie laughed and ridiculed Plaintiff's work conditions.

23. On July 7, 2022, human resource representatives met with Plaintiff and informed him Defendant could no longer accommodate his restrictions and deactivated Plaintiff's badge again. Plaintiff was placed on FMLA leave.

24. Human resources contacted Plaintiff on August 4, 2022, regarding Plaintiff returning to work for a project within his restrictions despite mentoring being within Plaintiff's restrictions all along.

25. Human resources then informed Plaintiff on August 14, 2022 that Plaintiff must have a medical evaluation to return to work, but continued to threaten Plaintiff's worker's compensation benefits. Plaintiff returned to work on August 18, 2022.

26. On November 14, 2022, Plaintiff was forced to work while being sick with the flu. While working, Defendant's human resources department informed Plaintiff they could no longer accommodate Plaintiff's restrictions and his badge was once again deactivated.

27. Plaintiff filed another complaint to human resources and was asked to return to work on November 21, 2022 with no restrictions.

28. On November 22, 2022, while being shown new additions to a rig, Plaintiff was examining a scratch on his safety glasses when Jackie yelled at Plaintiff for having his glasses off. Plaintiff then witnessed Jackie have a conversation with other white cowork-

ers and failed to mention the misuse of their safety equipment.

29. Plaintiff followed up with human resources regarding the ongoing discriminatory behavior in December 2022, only to be ignored.

30. On December 12, 2022, Plaintiff was working on a rig when Jackie approached Plaintiff and told him to be sure not use to his finger, singling out his workplace injury.

31. On December 21, 2022, Jackie falsely accused Plaintiff of stealing tools from another co-worker.

32. On December 27, 2022, human resources spoke with Plaintiff about an alleged tax discrepancy during Plaintiff's leave in August of 2022, despite not being compensated by Defendant at that time.

33. On January 20, 2023, Jackie chose lesser experienced employees for overtime work while denying plaintiff the same opportunity. Plaintiff reported this to human resources and on January 24, 2023, Plaintiff's Lead man Thang Nguyen confronted Plaintiff for reporting the discrimination to human resources.

34. On January 30, 2023, Plaintiff's new Supervisor Peter Chung, instructed Plaintiff and two trainees to complete a task customarily done by six experienced employees, in hopes that Plaintiff would make a mistake.

35. Plaintiff reported this to human resources and Peter Chung retaliated against Plaintiff by attempting to sidestep standard procedure in signing a time off request for Plaintiff on February 6, 2023. Chung stated to Plaintiff he "didn't want his signature out of the streets".

36. Plaintiff continued to make reports to HR and defendant continued to retaliate against him.

## V.
## CAUSES OF ACTION

A. **COUNT 1: NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII, THE TCHRA AND 42 USC § 1981:**

36. Plaintiff restates and incorporates by reference, all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

37. At all times material to this action Defendant was an "employer" as defined by 42 USC § 2000 b and TEX. LAB. CODE § 21.002(8)(D). Defendant is therefore subject to the provisions of Title VII; 42 USC § 1981 and the TCHRA.

38. Plaintiff was qualified for his position as indicated by his years of experience and responsibility to train other employees.

39. Defendant's supervisors, managers and human resource personnel engaged in racially harassing and discriminatory conduct against Plaintiff in that they treated him differently than Non-Hispanic employees, singled him out and constantly threatened to remove him from his job or job duties. Defendant engaged in this conduct because of Plaintiff's national origin and race, Hispanic. The conduct was severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive.

40. Title VII of the Civil Rights Act of 1964, amended by the Rights Act of 1991, 42 USC Section 1981 and the TCHRA protect employees from discrimination based on National Origin and race 42 U.S.C. § 2000e-2(a).

41. Defendant intentionally discriminated against Plaintiff in violation of Title VII, 42

USC Section 1981 and the TCHRA.

42. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of his national origin and race within the meaning of the statutes.

43. Defendant, by and through Defendants agents, discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment in violation of 42 U.S.C. Section 2000e-(2)(a). The effect of these practices have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of Plaintiff's national origin (Hispanic).

44. Defendant, by and through Defendant's agents, discriminated against Plaintiff on the basis of National Origin and race with malice or with reckless indifference to the protected rights of Plaintiff.

45. Defendant, by and through its agents, intentionally deprived Plaintiff of an equal employment opportunity that was provided to non-hispanic employees similarly situated in violation of Title VII.

46. Additionally, Defendant took adverse employment actions against Plaintiff by:

- Scrutinizing his performance through surveillance and filming him on the job.
- Denying Plaintiff an opportunity for promotion.
- Insisting that Plaintiff work on regular duty despite still being on light duty.
- Improperly removing Plaintiff from work in June, July and November of 2022.
- Denied Plaintiff the opportunity to attend training.
- Deprived Plaintiff of the opportunity to continue to mentor Glenda Randal ("Black")) or Mrs. Aileen (Hispanic), and instead delegated the mentor role to a white employee.
- Demoted Plaintiff from mentoring to cleaning beams, doors, shelves and tables, despite Plaintiff's workplace injury, and Laughing at and ridiculing Plaintiff fol-

lowing his demotion.

- Denied Plaintiff access to the production floor; and the rigs.

- Chose lesser experienced employees for overtime work while denying plaintiff an opportunity to work overtime.

- Denied Plaintiff PTO.

- Deactivated Plaintiff's badge multiple times.

- Human resources threaten Plaintiff's worker's compensation benefits.

- Confronted Plaintiff for reporting to HR.

- Placed Plaintiff in unsafe working conditions by instructing Plaintiff and two trainees to complete a task customarily done by six experienced employees.

## B. COUNT 2: DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND THE TCHRA.

47. Plaintiff restates and incorporates by reference, all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

48. At all times material to this action Defendant was an "employer" as defined by 42 USC § 12111(5)(A) and the TCHRA. Defendant is therefore subject to the provisions of the Americans with Disabilities Act and the TCHRA.

49. Plaintiff had a finger condition which limited his ability to lift, bend and work within the role of an assembler. Plaintiff continues to suffer permeant loss of use of his finger which will never go away.

50. He was qualified for his position as indicated by his years of experience and responsibility to train other employees. Defendant took adverse action against Plaintiff when they:

- Scrutinizing his performance through surveillance and filming him on the job.

- Denying Plaintiff an opportunity for promotion.

- Insisting that Plaintiff work on regular duty despite still being on light duty.

- Improperly removing Plaintiff from work in June, July and November of 2022.

- Denied Plaintiff the opportunity to attend training.

- Deprived Plaintiff of the opportunity to continue to mentor Glenda Randal ("Black") or Mrs. Aileen ("Hispanic"), and instead delegated the mentor role to a white employee.

- Demoted Plaintiff from mentoring to cleaning beams, doors, shelves and tables, despite Plaintiff's workplace injury, and Laughing at and ridiculing Plaintiff following his demotion.

- Denied Plaintiff access to the production floor, and the rigs.

- Chose lesser experienced employees for overtime work while denying plaintiff an opportunity to work overtime.

- Denied Plaintiff PTO.

- Deactivated Plaintiff's badge multiple times.

- Human resources threaten Plaintiff's worker's compensation benefits.

- Confronted Plaintiff for reporting to HR.

- Placed Plaintiff in unsafe working conditions by instructing Plaintiff and two trainees to complete a task customarily done by six experienced employees.

51. Defendant took such adverse action because of Plaintiff's disability and requests for accommodation.

## C. COUNT 3:  AMERICANS WITH DISABILITY ACT FAILURE TO ACCOMMODATE

52. Plaintiff restates and incorporates by reference, all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

53. At all times material to this action Defendant was an "employer" as defined by 42 USC § 12111(5)(A) and the TCHRA.  Defendant is therefore subject to the provisions of the Americans with Disabilities Act and the TCHRA.

54. Plaintiff had a finger condition which limited his ability to lift, bend and work within the meaning of 42 USC § 12102.

55. He was qualified for his position as indicated by his years of experience and responsibility to train other employees. He could have continued working with accommodations of light duty and mentoring which were offered to other employees.

56. Defendant failed to accommodate Plaintiff or to engage in the interactive process.'

57. Specifically, Defendant failed to provide Plaintiff with light duty work tasks that were available and forced Plaintiff to take unnecessary and unpaid leave. Additionally, Defendant took away Plaintiff's mentoring job duties and forced Plaintiff to engage in menial cleaning tasks. Finally, Defendant tried to force Plaintiff to return to full duty numerous times against his doctor's orders.

D. COUNT 4:   RETALIATION UNDER TITLE VII, THE ADA, THE TCHRA AND 42 USC SECTION 1981

58. Plaintiff restates and incorporates by reference, all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

59. Plaintiff restates and incorporates by reference, all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

60. Title VII, U.S. §1981, the ADA, and the TCHRA, protect employees that engage in a protected activity from retaliation by his employer.

61. Plaintiff engaged in conduct protected under Title VII, 42 U.S.C. §1981, the ADA, and TCHRA when he took the following actions:

- Complained to HR about Jackie Gudgel in July of 2018;
- Reported infractions against Gudgel relating to his workplace injury

- Filed complaints with HR in March of 2021 and continued to make complaints through 2023.

- Complained to HR about abuse and discrimination in March of 2021,
- Complained to HR about Gudgel in August of 2021,

- Complained to the EEOC in October of 2021,

- Complained to HR about Jackie Gudgel in April of 2022,

- Complained to HR about the splint on his forceably removed by Dr. Kerry Inzer the Occumed Doctor in April of 2022.

- Complained to HR about his meeting with Matt Buttacavoli and Tanya Tyler in April 2022 following raised concerns of retaliation and discrimination.

- Complained to HR about Time Choate in April of 2022.

- Complained to HR about Jackie Gudgel in May of 2023.

- Complained to HR about Peter Chung in January of 2023.

62. Defendant retaliated against Plaintiff for these complaints by taking the following adverse actions:

- Scrutinizing his performance through surveillance and filming him on the job.

- Denying Plaintiff an opportunity for promotion.

- Insisting that Plaintiff work on regular duty despite still being on light duty.

- Improperly removing Plaintiff from work in June, July and November of 2022.

- Denied Plaintiff the opportunity to attend training.

- Deprived Plaintiff of the opportunity to continue to mentor Glenda Randal ("Black")) or Mrs. Aileen (Hispanic), and instead delegated the mentor role to a white employee.

- Demoted Plaintiff from mentoring to cleaning beams, doors, shelves and tables, despite Plaintiff's workplace injury, and Laughing at and ridiculing Plaintiff following his demotion.

- Denied Plaintiff access to the production floor; and the rigs.

- Chose lesser experienced employees for overtime work while denying plaintiff an opportunity to work overtime.

- Denied Plaintiff PTO.

- Deactivated Plaintiff's badge multiple times.

- Human resources threaten Plaintiff's worker's compensation benefits.

- Confronted Plaintiff for reporting to HR.

- Placed Plaintiff in unsafe working conditions by instructing Plaintiff and two trainees to complete a task customarily done by six experienced employees.

63. Plaintiff was subjected to an adverse employment action at the time, and after, the protected conduct occurred.

## VI. RESPONDEAT SUPERIOR AND RATIFICATION

64. Whenever in this complaint it is alleged that the Defendants, did any act or thing, it is meant that the Defendants' officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendants' officers, agents, servants, employees, or representatives, in their individual and official capacity.

## VII. DAMAGES

65. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

67. As a result of Defendants' unlawful conduct, Plaintiff have suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front

Page **13** of **16** – Plaintiff's Amended Complaint

pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff have also incurred other actual damages as a result of Defendants' unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## VIII. ATTORNEY'S FEE AND COSTS

68. To redress the injuries sustained by the Plaintiff on account of Defendants' action, Plaintiff has retained the undersigned counsel to represent him in this action.

69. Plaintiff are entitled to an award of attorney's fees and costs under Title VII, 42 U.S.C. §2000e-5(k) and 42 U.S.C §1988, 29 U.S.C § 2617, 29 USC § 794a, and §21.259 of the Texas Labor Code.

## IX. JURY DEMAND

70. Plaintiff request a trial by jury on all issues that can be tried to a jury.

## X. PRAYER

WHEREFORE, premises considered, Plaintiff pray that the Defendants be cited to appear and answer herein, and that upon a final trial, judgment be entered for Plaintiff against Defendants for:

a. actual and consequential damages, including, but not limited to back pay (wages and benefits);

b. compensatory damages, including, but not limited to emotional distress, mental anguish, humiliation and embarrassment in the past and which in reasonable probability will be suffered in the future;

c. Punitive damages in an amount above the minimum jurisdictional limit of the Court;

Page **14** of **16** – **Plaintiff's Amended Complaint**

    d.    Liquidated damages,

    e.    Reasonable attorney's fees, with conditional awards in the event of appeal;

    f.    Pre-judgment interest at the highest rate permitted by law;

    g.    Post-judgment interest from the judgment until paid at the highest rate permitted by law;

    h.    Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action; and

    i.    Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Complaint or by any amendment hereto.

Respectfully Submitted,

*/s/ Lisa Ventress*
Lisa Ventress
Texas Bar No. 24076751
lisa@theventressfirm.com
The Ventress Firm, P.C.
1322 Space Park Dr. Ste. C222
Houston, TX 77058
832-240-4365 (PH)
832-565-1752 (FAX)

_____
Kyla Gail Cole
Texas State Bar No. 24033113
kyla@nlcemployeelaw.com
Neill Legler Cole, PLLC
3300 Oak Lawn Ave., Suite 425
Dallas, Texas 75219
214.748.7777 (Telephone)
214.748.7778 (Facsimile)

## CERTIFICATE OF SERVICE

I do hereby certify that on June 20, 2023, a true and correct copy of the above and foregoing instrument has been served on the following counsel of record through the Court's ECF filing system :

Eva W. Turner
Rachel E. Roney,
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
8117 Preston Road, Suite 500
Dallas, TX 75225
214-987-3800 (phone)
214-987-3927 (fax)
eva.turner@ogletree.com
rachel.roney@ogletree.com
**ATTORNEYS FOR DEFENDANT**

                */s/Lisa Ventress*
                Lisa Ventress