IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDGAR REYNA, | § | |
| Plaintiff, | § § § | |
| v. | § § | Case No. 3:23-cv-01005-X |
| EPIROC DRILLING SOLUTIONS, LLC, | § § § § | |
| Defendant. | § § | |

**DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT AND BRIEF IN SUPPORT**

Defendant Epiroc Drilling Solutions, LLC ("Epiroc" or "Defendant") files this Motion to Dismiss Plaintiff's Amended Complaint ("Amended Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support of this Motion states as follows:

### I.   INTRODUCTION AND SUMMARY

This is an employment discrimination case. Plaintiff—**a current employee**—claims Epiroc discriminated and retaliated against him on the basis of his national origin, race (Hispanic), and disability status in violation of the Texas Commission on Human Rights Act ("TCHRA"), 42 U.S.C.§ 1981 ("Section 1981"), the Americans with Disabilities Act ("ADA"), and Title VII of the Civil Rights Act of 1964 ("Title VII"). None of Plaintiff's allegations state a plausible claim for relief. Specifically, and despite amending his Complaint in an attempt to cure the fatal defects outlined in Defendant's initial Motion to Dismiss, Plaintiff failed to allege a single action Epiroc took against him that rises to an "adverse" level in order to support his discrimination and retaliation claims. Further, Plaintiff's disability discrimination claim is subject to dismissal for the additional reason that Plaintiff has not pleaded sufficient facts to establish he is a qualified individual with a disability. To the extent Plaintiff alleges a claim of hostile work environment,

Plaintiff's Amended Complaint is devoid of any facts that any alleged harassment was based on Plaintiff's protected characteristics, or that the alleged harassment was sufficiently severe or pervasive to affect a term, condition, or privilege of his employment. Finally, Plaintiff's failure to accommodate claim fails because he admits in his Amended Complaint that Epiroc accommodated him, regardless of whether or not his alleged "finger condition" is a qualifying disability.

Accordingly, because Plaintiff fails to allege claims for relief that are plausible on their face, Epiroc respectfully requests the Court grant this Motion and dismiss all claims against it with prejudice.

## II.   LEGAL STANDARD

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should accept the factual allegations in the Petition as true and draw all reasonable inferences in favor of the nonmoving party. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citations omitted). However, a critical distinction exists between factual allegations and unsupported assertions or legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a Petition is inapplicable to legal conclusions."). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"To survive a motion to dismiss, a Petition must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 570). Accordingly, a court first must disregard "labels and conclusions," "a formulaic recitation of the elements of a cause of action,"

and "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 678, 680–81 (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted). Next, a court must determine whether any remaining factual allegations plausibly suggest entitlement to relief. A court must dismiss a Petition "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 678 (quoting Fed. R. Civ. P. 8(a)(2)). Critically, "factual allegations must be enough to raise a right to relief *above the speculative level*." *Twombly*, 550 U.S. at 555 (emphasis added). A "sheer possibility that the defendant has acted unlawfully" is insufficient. *Iqbal*, 556 U.S. at 678.

### III. ARGUMENT AND AUTHORITIES

Similar to his Original Complaint, Plaintiff's Amended Complaint merely proffers threadbare allegations with no substantive factual support, as described more fully below.

**A. Plaintiff's Discrimination Claims Fail as a Matter of Law**

In his Amended Complaint, Plaintiff alleges Epiroc discriminated against him based on his national origin, race, and disability status. Plaintiff did not—and cannot—make out a plausible claim for relief under these statutes, and these claims must be dismissed.

> **1. Plaintiff's discrimination claims must be dismissed because he has failed to plead sufficient facts to establish that he suffered an adverse employment action.**

Plaintiff is a current employee of Epiroc. To state a claim for discrimination under the relevant statutes, Plaintiff must allege he suffered an adverse employment action. *See, e.g. Abarca v. Metro Transit Auth.*, 404 F. 3d 938, 941 (5th Cir. 2005) (identifying the elements of a discrimination *prima facie* case as: (1) he is a member of a protected class, (2) he was qualified for the position, (3) he was subject to an adverse employment action, and (4) other similarly situated employees outside the protected class were treated more favorably.); *see also Jespersen*

*v. Sweetwater Ranch Apartments*, 390 S.W.3d 644, 653 (Tex. App.—Dallas 2012, no pet.) (explaining that courts "look to federal law for guidance" where, as here, federal and state employment discrimination statutes "contain analogous statutory language"); *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005) (explaining that the analysis of a Title VII claim and a Section 1981 claim are identical). Adverse employment actions "include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *McCoy v. Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007).

Here, Plaintiff's Amended Complaint is devoid of any facts establishing he suffered any legally cognizable harm by Epiroc. Plaintiff amended his Complaint to assert a list of numerous purported adverse actions to dodge dismissal, however, none of the alleged actions rise to the actionable level. Instead, the allegations in Plaintiff's Amended Complaint are merely a recitation of sporadic workplace interactions, beginning in July 2018, that are properly characterized as general workplace concerns at best. Specifically, Plaintiff alleges the following "adverse employment actions" support his discrimination claims[1]:

- 1) Scrutinizing his performance through surveillance and filming him on the job.
- 2) Denying Plaintiff an opportunity for promotion.
- 3) Insisting that Plaintiff work on regular duty despite still being on light duty.
- 4) Improperly removing Plaintiff from work in June, July and November 2022.
- 5) Denied Plaintiff the opportunity to attend training.
- 6) Deprived Plaintiff of the opportunity to mentor Glenda Randal ("Black") or Mrs. Aileen (Hispanic), and instead delegated the mentor role to a white employee.

---

[1] The Parties had a tolling agreement in place for a period of time that extended the limitation period for Plaintiff to file suit related to some of his allegations.

- 7) Demoted Plaintiff from mentoring to cleaning beams, doors, shelves, and tables, despite Plaintiff's workplace injury, and Laughing at and ridiculing Plaintiff following his demotion.

- 8) Denied Plaintiff access to the production floor; and the rigs.

- 9) Chose lesser experienced employees for overtime work while denying plaintiff an opportunity to work overtime.

- 10) Denied Plaintiff PTO.

- 11) Deactivated Plaintiff's badge multiple times.

- 12) Human resources threaten (sic) Plaintiff's worker's compensation benefits.

- 13) Confronted Plaintiff for reporting to HR.

- 14) Placed Plaintiff in unsafe working conditions by instructing Plaintiff and two trainees to complete a task customarily done by six experienced employees.

(Amended Complaint, ¶ 46).[2] Even taking these vague allegations as true, none rise to the level of an "ultimate employment decision." *McCoy*, 492 F.3d at 551. Specifically, the Fifth Circuit and courts within it do not recognize denial of training opportunities, denial of a time off request, receiving undesirable work assignments, false accusations, offhand comments or conduct, and verbal threats regarding job status as adverse actions.

In regards to the employment action labeled number 5 on the above list, "[A] failure to train does not constitute an ultimate employment decision or an adverse employment action." *Brooks v. Firestone Polymers, L.L.C.*, 640 F. App'x 393, 397 (5th Cir. 2016).

With respect to action number 10, "The courts that have considered this issue have routinely found that the denial of short term vacation time is not an adverse employment action."

---

[2] The allegations have been numbered for briefing purposes, but were not numbered in the Amended Complaint.

*Beltran v. Univ. of Tex. Health Sci. Ctr. at Hous.*, 837 F. Supp. 2d 635, 643 (S.D. Tex. 2011); *see also Lara v. Kempthorne*, 673 F. Supp. 2d 504, 521 (S.D. Tex. 2009) (holding that denial of vacation leave and condescending and unprofessional speech are not actionable adverse employment actions).

With respect to action numbers 1, 12, and 13, "[V]arious interlocutory or mediate decisions, such as verbal threats of being fired, being placed on final warning, and supervisor reprimands are not ultimate employment decisions…Being given an undesirable work assignment is not an adverse employment action." *Smith v. Equitrac Corp.*, 88 F. Supp. 2d 727, 744 (S.D. Tex. 2000).

With respect to actions number 3, 4, 6, and 14, "Being given an undesirable work assignment is not an adverse employment action." *Smith,* 88 F. Supp. 2d at 744.

With respect to action numbers 8 and 11, deactivating or taking away Plaintiff's badge while he was on leave is not an adverse employment action. *McCoy*, 492 F.3d at 551. Denying Plaintiff's access to the production floor or the rig is not an "ultimate employment decision," and therefore, not adverse. *Fumbanks v. Harrods Hotel, Ltd.*, 2008 WL 2713932 at *4 (S.D. Tex. Jul. 9, 2008) ("[D]enial of lounge access [and] denial of restaurant access" to plaintiff, a maintenance worker, "do not rise to the level of adverse employment decisions.").

With respect to action number 7, Plaintiff's allegation that he was "demoted" from mentoring to cleaning beams, doors, shelves, and tables, despite Plaintiff's workplace injury, and Laughing at and ridiculing Plaintiff following his demotion" is equally specious (Amended Complaint, ¶ 46). A demotion occurs when an employee loses their "title, compensation, and benefits." *Matthews v. Pilgrims Pride*, 783 Fed. Appx. 346 (5th Cir. 2019). On its face, Plaintiff restructured a change in job assignments as a "demotion." It is not clear how "mentoring" is any

different or more prestigious than "cleaning beams, doors, shelves, and tables." (*Id.*) Apparent discontent over receiving undesirable work assignments is not a demotion sufficient to support his discrimination claims. *See Smith*, 88 F. Supp. 2d at 744. Notably, Plaintiff does not allege Epiroc reduced his compensation or benefits at any time—because they did not.

      **i.    Plaintiff's failure to promote allegation—action number 2—does not support his claim.**

Plaintiff's allegation regarding an alleged promotion do not revive his defective claims. In order to support a failure to promote claim, Plaintiff must allege facts to demonstrate: (1) he is a member of the protected class; (2) he sought and was qualified for a position for which applicants where being sought; (3) he was rejected for the position; and (4) the employer hired a person outside of the Plaintiff's protected class or continued to seek applicants with the Plaintiff's qualifications. *McMullin v. Miss. Dep't of Pub. Safety*, 782 F.3d 251, 258 (5th Cir. 2015). Here, Plaintiff provides no facts regarding what purported promotions he was apparently denied, when the alleged denial occurred, that Plaintiff actually applied or was qualified for the promotion, that any alleged denial was in any way related to Plaintiff's protected characteristics, or that the individual who allegedly received the promotion was outside of Plaintiff's protected characteristics.

Critically, courts have granted employer's motions to dismiss when the Plaintiff included even more facts than Plaintiff in support of a failure to promote claim. For example, in *Lucenio v. Houston Indep. Sch. Dist.*, the plaintiff claimed in her Complaint that she was denied seven promotions. No. 4:21-CV-00650, 2022 WL 658838 at *16 (S.D. Tex. Feb. 16, 2022), *report and recommendation adopted*, No. 4:21-CV-00650, 2022 WL 658719 (S.D. Tex. Mar. 4, 2022). Unlike here, the plaintiff in *Lucenio* named each position she applied for and the time she applied in her Complaint. *Id.* at *14. Despite this, the Court dismissed the plaintiff's failure to promote claim

because it found that the plaintiff ultimately "fail[ed] to clearly allege that with respect to each of the seven positions, [employer] hired a person outside Lucieno's protected class or continued to seek applications from individuals with Lucieno's qualifications." *Id.* Likewise here, Plaintiff did not specify the promotion, the time he applied, or the time Epiroc rejected his application. Further, even beyond the reasoning in *Lucieno*, Plaintiff did not allege he lost out on a promotion because of his race or national origin or that employees of another race or national origin received the purported promotion. In short, Plaintiff did not introduce enough facts to demonstrate a plausible claim for discrimination based on failure to promote; it must be dismissed as a matter of law.

      **ii.**      **Plaintiff's overtime allegation—action number 9—does not support his claim.**

Next, Plaintiff's claim that Epiroc denied him overtime falls short of the meeting the pleading standard to support his claims. Plaintiff alleges that "On January 20, 2023, [Gudgel] chose lesser experienced employees for overtime work while denying plaintiff the same opportunity." (Amended Complaint, ¶ 33). In other words, Plaintiff complains that *on one occasion*, Gudgel selected other employees *of an unknown race* for overtime and allegedly denied Plaintiff the same opportunity.

Case law is clear that a one-time denial of a request for overtime is not an adverse employment action. *Hart v. Life Care Ctr. of Plano*, 243 F. App'x 816, 818 (5th Cir. 2007) (holding that denying a request for overtime, denying a shift change, and assigning plaintiff to more difficult tasks did not constitute ultimate employment decisions). In *Waters v. City of Dallas*, the plaintiff complained he was denied seven hours of overtime on one occasion, and the employer moved to dismiss. No. 3:11-CV-0540-K, 2012 WL 5363426 at *9 (N.D. Tex. Nov. 1, 2012). In finding that this allegation did not rise to the level of an adverse action to support a claim of discrimination and granting the motion to dismiss, the court reasoned "Lt. Waters has no evidence showing he

was sent home or denied overtime opportunities at any other time." *Id.* "A denial of overtime pay may rise to the level of an ultimate employment decision in some cases. . . A one-time denial of overtime, though does not rise to this level." *Id.* Identical to *Waters*, Plaintiff alleges Epiroc denied him overtime on *one occasion*. Even further, he does not allege he lost pay because he did not work overtime, or that he was otherwise entitled to the overtime.

Plaintiff's discrimination claims consist of nothing more than "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 680-81. Without any support for these threadbare assertions, Plaintiff has not met the standard set forth in *Twombly* and *Iqbal*, and the Court should grant this Motion and dismiss Plaintiff's discrimination claims as a matter of law.

**B. Plaintiff's ADA and TCHRA Discrimination Claims Fail as a Matter of Law**

In his Amended Complaint, Plaintiff asserts two claims relating to his purported disability: disability discrimination and failure to accommodate. Both claims are insufficient as a matter of law and must be dismissed.

> **1. Plaintiff's disability discrimination must be dismissed because he has not asserted any adverse employment action and he failed to plead sufficient facts to show that he is a qualified individual with a disability.**

As described in detail above, Plaintiff has failed to articulate any action that rises to an adverse level in order to support his discrimination claims—including his claim of disability discrimination. Further, Plaintiff's disability discrimination claim is subject to dismissal for the additional reason that he failed to plead any facts establishing that he is a qualified individual with a disability. Specifically, in order to state a claim for relief that is plausible on its face, Plaintiff must allege sufficient facts to show that: (1) he was disabled within the meaning of the applicable statutes; (2) he was otherwise qualified to perform the essential functions of his position with or without a reasonable accommodation; and (3) he suffered an adverse employment action because

of his disability. *Delaval v. PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 479 (5th Cir. 2016). A qualifying disability consists of an impairment that substantially limits a major life activity.[3] Tex. Lab. Code. § 21.002(6). "A major life activity is considered akin to caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *Union Carbide Corp. v. Mayfield*, 66 S.W.3d 354, 360 (Tex. App.—Corpus Christi 2001, no pet.) (internal citations and quotations omitted). Plaintiff's disability discrimination claim must be dismissed because he has alleged no such qualifying impairment.

In his Original Petition, Plaintiff alleged he suffered from a broken finger. In the Amended Complaint, Plaintiff now categorizes his broken finger injury as "permeant (sic) loss of use of his finger which will never go away." (Amended Complaint, ¶ 49). Later on in the Amended Complaint, he alleges he, "*had* a finger condition which *limited* his ability to lift, bend and work." (Amended Complaint, ¶ 54) (emphasis added). Significantly, Plaintiff describes his injury in the past tense.

Whether or not the finger injury passed or continues, Plaintiff's "condition" is not a qualifying disability. Specifically, case law is clear that temporary injuries, such as broken or injured fingers, feet, or other bones, are not considered "disabilities" under the ADA. *Street v. Maverick Tube Corp.*, Case No. 4:15-cv-02736, 2016 WL 8711338 (S.D. Tex. June 17, 2016); *see also* V*ande Zande v. State of Wis. Dep't of Admin.*, 44 F.3d 538, 544 (7th Cir. 1995) ("Intermittent, episodic impairments are not disabilities, the standard example being a broken leg."); *Guary v. Upstate Nat'l Bank*, 618 F. Supp. 2d 272, 275 (W.D.N.Y. 2009) ("plaintiff's broken ankle, which resulted in a single, twelve-week disability leave with no alleged physical limitations thereafter, is not a disability for purposes of the ADA"); *Williamson v. American Nat. Ins. Co.*, 695 F. Supp. 2d

---

[3] Courts look to the ADA to interpret the TCHRA. *Herrera v. CTS Corp.*, 183 F. Supp. 2d 921, 925 (S.D. Tex. 2002).

431, 448 (S.D. Tex. 2010) (dismissing employee's ADA discrimination claim where alleged disability was a broken leg). "An impairment does not include transitory illnesses which have no permanent effect on the plaintiff's health." *Id.* at 448 ("Simply having an impairment is insufficient to make one 'disabled' under the statute; a plaintiff must also show that the impairment substantially limits a major life activity.).

Even if Plaintiff presently suffers from a "finger condition," "[a] physical impairment, standing alone, is not necessarily a disability as contemplated by the ADA. The statute requires an impairment that substantially limits one or more of the major life activities." *Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723, 725 (5th Cir. 1995). It is unclear what major life activities Plaintiff can no longer perform. Plaintiff claims his finger condition limited his ability to work. However, Plaintiff admits he still works at Epiroc. In fact, Plaintiff states he "return[ed] to work on November 21, 2022 with no restrictions." (Amended Complaint, ¶ 27).

Simply put, Plaintiff's disability discrimination claim warrants dismissal not only because Plaintiff failed to allege sufficient facts to demonstrate that he suffered any adverse employment action, but also because Plaintiff's Petition is devoid of sufficient facts to show that he is disabled under the law.

### 2. Plaintiff's failure to accommodate claim must be dismissed because he failed to allege sufficient facts to support it.

To state a claim of failure to accommodate that is plausible on its face, Plaintiff must articulate sufficient facts to allege that (1) he was a qualified individual with a disability; (2) the disability and its consequential limitations were known by Epiroc; and (3) Epiroc failed to make reasonable accommodations for such known limitations. *See Feist v. Louisiana*, 730 F.3d 450, 452 (5th Cir. 2013).

In his Amended Complaint, Plaintiff admits that "In January 2022, Plaintiff injured his finger while on the job and as a result was placed on light duty." (Amended Complaint, ¶ 14). Plaintiff then claims that "While recovering from his workplace injury [Gudgel] insisted Plaintiff work on regular despite duty despite still being on light duty." (Amended Complaint, ¶ 15), and "on May 11, 2022, Tim Choate, another employee of Defendant, approached Plaintiff in an aggressive manner demanding Plaintiff work full duty despite still being on light duty due to his workplace injury." (Amended Complaint, ¶ 17). After apparently receiving a light duty accommodation since May 11, 2022, "human resources representatives met with Plaintiff and informed him Defendant could no longer accommodate his restrictions and deactivated Plaintiff's badge again. Plaintiff was placed on FMLA leave." (Amended Complaint, ¶ 23) (emphasis added). On August 4, 2022, human resources contact Plaintiff "regarding Plaintiff returning to work for a project within his restrictions." (Amended Complaint, ¶ 24). Plaintiff returned to work on August 18, 2022. (Amended Complaint, ¶ 25). On November 14, 2022, "Defendant's human resources department informed Plaintiff they could no longer accommodate Plaintiff's restrictions and his badge was once again deactivated." (Amended Complaint, ¶ 26). Then, on November 21, 2022, Plaintiff "was asked to return to work on November 21, 2022 with no restrictions," and did so. (Amended Complaint, ¶ 27).

As Plaintiff has failed to allege sufficient facts to support his failure to accommodate claim, it is unclear in what way Epiroc purportedly failed to accommodate him. He admits he received accommodations in the form of light duty and admits he returned back to his normal position when he became physically able. Nowhere in the Amended Complaint does Plaintiff claim he requested accommodations that Epiroc denied, that he requested *any* accommodations beyond light duty,

that Epiroc failed to engage in the interactive process, or any other facts that could feasibly support his claim.[4] Accordingly, Plaintiff's failure to accommodate claim is subject to dismissal.

### C. To the Extent Plaintiff Alleges a Claim of Hostile Work Environment, It Fails as a Matter of Law

Plaintiff alleges he experienced conduct so "severe and pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive." (Amended Complaint, ¶ 39). To the extent Epiroc understands Plaintiff to bring a claim of hostile work environment, Plaintiff's claim fails.

To survive a motion to dismiss, Plaintiff must plead facts that permit the Court to reasonably infer that any alleged harassment was severe enough to alter the conditions of his employment and create an abusive work environment. *Stone v. La. Dep't of Revenue*, 590 F. App'x 332, 339 (5th Cir. 2014). "For conduct to be actionable as harassment, it must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Lara*, 673 F. Supp. at 521. Simple teasing, offhand comments, and isolated incidents "will not amount to discriminatory changes in the terms and conditions of employment. *Id.* at 521-522 (citing *Harvill v. Westward Communications, LLC*, 433 F.3d 428, 434 (5th Cir. 2005). Plaintiff has alleged no facts rising to the level of hostile work environment as a matter of law.

In support of his claims, Plaintiff purports, "Defendant's supervisors, managers and human resource personnel engaged in racially harassing and discriminatory conduct against Plaintiff in that they treated him differently than Non-Hispanic employees, singled him out and constantly threatened to remove him from his job or job duties." (Amended Complaint, ¶ 39). He then asserts,

---

[4] Epiroc does not concede Plaintiff had a qualifying disability necessitating an accommodation.

"Defendant engaged in this conduct because of Plaintiff's national origin and race, Hispanic." (*Id.*). Plaintiff claims two particular incidents during which he was "singled out:" (1) In July 2018 when he was "getting additional tickets for a company picnic," and (2) on December 12, 2022 when Gudgel approached him and told him to be sure not to use his finger. (Amended Complaint, ¶ 10, 30). Such conclusory allegations are insufficient to survive a motion to dismiss. First, Gudgel allegedly made these isolated comments *nearly four and a half years apart*. Second, these occurrences are exactly the type of "offhand comments" or an "isolated incidents," as the Fifth Circuit has found to be legally non-actionable. *See Thompson v. Microsoft Corporation*, 2 F.4th 460, 471 (5th Cir. 2021) ("[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) do not suffice to alter the terms and conditions of employment."); *see also Turner v. Baylor Richardson Medical Center*, 476 F.3d 337 (5th Cir. 2007). Plaintiff then claims Epiroc threatened to remove him from his job or job duties, and engaged in this conduct because of Plaintiff's national origin and race. (Amended Complaint, ¶ 39). However, threats of job loss do not equate to adverse actions, much less creating a hostile work environment. *Smith,* 88 F. Supp. 2d 727 at 744.

     Plaintiff does not plausibly claim any employment actions resulted because of his race or color. He makes threadbare allegations that Plaintiff engaged in the alleged conduct because of his national origin and race, but provides no plausible facts in support. Plaintiff also does not allege that any comments were made about his race or color by Gudgel or anyone else. Plaintiff simply alleges he is Hispanic and Gudgel is white. Evidently, Plaintiff would like the court to believe that because his supervisor is white and criticized his work, Epiroc created a hostile work environment on account of his race or color. These facts do not equate to a hostile work environment.

Finally, Plaintiff *is still employed* with Epiroc and *keeps returning to work*. The alleged harassment did not create such a severe and pervasive environment leading the Plaintiff to resign or remain on leave. Plaintiff also did not explain how his terms and conditions of employment have been altered insofar as Plaintiff has the same position, the same compensation, and the same benefits and does not allege any facts to the contrary.

### D. Plaintiff's Retaliation Claim Fails as a Matter of Law

Plaintiff alleges Epiroc retaliated against him for engaging in protected activity by "'engag[ing]' in conduct protected" under Title VII, Section 1981, the ADA, and the TCHRA. To survive a motion to dismiss, Plaintiff must allege sufficient facts to establish: (1) he engaged in a protected activity, (2) he was subject to an ***adverse employment action***, and (3) a causal connection exists between the protected activity and the ***adverse action***. *See Hypolite v. City of Houston, Tex.*, 493 F. App'x 597, 602 (5th Cir. 2012); *see also Owens v. Circassia Pharmaceuticals, Inc.*, 33 F.4th 812, 835 (5th Cir. 2022) (the elements for establishing a *prima face* case of retaliation under Section 1981 are identical to those that must be established under Title VII). Adverse employment actions in retaliation claims include "any action that might well have dissuaded a reasonable worker from making or supporting a charge of discrimination." *McCoy*, 492 F.3d at 559.

Plaintiff's retaliation claim fails for the same reasons his discrimination claim fails: he has not made out a plausible claim that Epiroc took an adverse action against him. He claims Epiroc retaliated against him based on the same set of facts outlined above. However, none of Plaintiff's alleged actions by Epiroc are adverse as explained in Section A, *supra*.

Even if these actions constitute adverse—which they do not—none of these actions dissuaded Plaintiff from making or supporting a charge of discrimination. Plaintiff did not explain how any alleged actions dissuaded him from making or supporting a discrimination charge,

---

**DEFENDANT'S MOTION TO DISMISS**
**PLAINTIFF'S AMENDED COMPLAINT**                                                                 Page 15

particularly considering he filed multiple charges, filed this Amended Complaint, and—as alleged—continued to make reports to HR. (Amended Complaint, ¶ 36).

## IV.   CONCLUSION

Plaintiff has not, and cannot, make out plausible claims for discrimination and retaliation under the TCHRA, ADA, Title VII, or Section 1981, or hostile work environment. He also has not made a plausible failure to accommodate claim. Plaintiff makes only threadbare and conclusory assertions that he suffered adverse employment actions and altered terms and conditions of employment, yet, he does not put forth sufficient facts to support these contentions.

Based on the foregoing, Epiroc respectfully requests this court grant its Motion and dismiss Plaintiff's Amended Complaint.

Respectfully submitted,

*/s/ Eva W. Turner*
Eva W. Turner
Texas Bar No. 24051485
Rachel E. Roney, *pro hac vice*

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
8117 Preston Road, Suite 500
Dallas, TX  75225
214-987-3800 (phone)
214-987-3927 (fax)
eva.turner@ogletree.com
rachel.roney@ogletree.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of July, 2023, a true and correct copy of the foregoing document was served via the Court's ECF system on the following:

Lisa Ventress
THE VENTRESS FIRM, P.C.
1322 Space Park Dr., Suite C222
Houston, Texas 77058
lisa@theventressfirm.com

Kyla Gail Cole
NEILL LEGLER COLE, PLLC
3300 Oak Lawn Ave., Suite 425
Dallas, Texas 75219
kyla@nlcemployeelaw.com

                                                        */s/ Eva W. Turner*
                                                        Eva W. Turner