UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Edgar Reyna<br>*Plaintiff* | §<br>§<br>§<br>§<br>§ | |
| v. | §<br>§<br>§ | CIVIL ACTION NO. 3:23-cv-01005-X |
| Epiroc Drilling Solutions, LLC<br>*Defendant.* | §<br>§<br>§<br>§ | **(JURY TRIAL DEMANDED)** |

**EDGAR REYNA'S RESPONE IN OPPOSITION TO
EPIROC DRILLING SOLUTION, LLC'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Edgar Reyna, AND submits the following Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support. For the reasons set out in the Memorandum, Defendant's Motion should be denied.

**I.   STATEMENT OF FACTS**

Plaintiff Edgar Reyna ("Reyna" or "Plaintiff") is a Hispanic male employed by Defendant Epiroc Drilling Solutions, LLC ("Epiroc" or "Defendant") as an assembler since December 2017. In July 2018, Reyna's supervisor, Jackie Gudgel, a white male, made discriminatory comments to Reyna about Reyna's request for additional tickets for his Hispanic family to attend a company picnic. Immediately following his comments, Gudgel warned Reyna against reporting his discriminatory comments to the Epiroc's human resource department, and began a campaign of discrimination,

harassment, and retaliation against Reyna that continues through the present day, as Reyna remains employed at Epiroc.

As alleged in his Amended Complaint, Reyna was subjected to the following actions by Gudgel and other Epiroc supervisors:

(1) When Reyna requested training opportunities, he was denied;

(2) Reyna's job duties were restricted and he was denied access to the construction floor and the rigs;

(3) Reyna was denied promotions in favor of other less experienced employees who Reyna had trained;

(4) Reyna was singled out for direct supervision and filming of his work;

(5) After Reyna suffered a workplace injury and was placed on light duty, Gudgel insisted Reyna work regular duty tasks;

(6) Gudgel involved a co-employee, Tim Choate, in aggressively demanding Reyna work regular duty tasks while recovering from Reyna's injury;

(7) Reyna was removed from a mentoring role in favor of a white employee;

(8) Vice President of Operations for BSD, Brett Border, informed Reyna that his badge was deactivated, indicating that Reyna's employment was terminated. At the same time, Border told Reyna that he should stop making complaints about BSD;

(9) Reyna was called back to work a few days later, but his job duties were changed to janitorial services (cleaning beams, doors, shelves, and tables). Prior to his temporary termination, his primary job duty had been mentoring new employees. Gudgel ridiculed Reyna about his new job duties;

(10) Reyna was later placed on FMLA leave for his injury, despite being willing and able to perform light duty tasks while recovering from his injury;

*Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint*

(11) After returning to work, Reyna's employment badge was again deactivated;

(12) Reyna's multiple complaints to BSD's human resources were ignored;

(13) Gudgel falsely accused Reyna of stealing Epiroc property;

(14) Gudgel denied Reyna overtime opportunities in favor of less experienced employees; and

(15) Another Epiroc supervisor, Peter Chung, put Reyna in an unsafe position, requiring Reyna and two trainees to perform a task customarily completed by six employees.[1]

After Epiroc's human resources department refused to investigate and address Reyna's complaints, Reyna filed complaints with the Texas Workforce Commission and the Equal Employment Opportunity Commission. After exhausting the necessary administrative procedures, Reyna filed suit in Dallas County District Court, and Epiroc removed the case to this Court shortly thereafter.

Epiroc has filed a motion to dismiss Reyna's claims for discrimination and retaliation, arguing that Reyna's Amended Complaint does not state plausible claims for these actions. On the contrary, Reyna's Amended Complaint presents claims that are facially plausible, showing Reyna is entitled to relief under state and federal discrimination and retaliation laws. Epiroc supervisors and employees subjected Reyna to a hostile work environment and retaliation based on Reyna's Hispanic origin, his disability, and for exercising his right to work free from a hostile, discriminatory workplace. Justice requires that Reyna be afforded the opportunity to participate in a discovery process so that he may prove his claims in court. Accordingly, Epiroc's motion should be denied.

## II. LEGAL STANDARD ON A 12(B)(6) MOTION TO DISMISS

Under the Federals Rule of Civil Procedure, Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[2] "[T]he pleading standard Rule 8

---

[1] Amended Complaint, ¶¶10-36.

[2] Fed. R. Civ. P. 8(a)(2).

3 of 13

*Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint*

announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[3]

To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead enough facts to "state a claim to relief that is plausible on its face."[4] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] In reviewing the Complaint, the court must accept all well- pleaded facts as true and must draw all reasonable inferences in favor of the Plaintiff.[6]

## III. LAW & ARGUMENT IN OPPOSITION

### A. Reyna's amended complaint states a cause of action for discrimination under Title VII, § 1981, and the TCHRA.

Epiroc argues that Reyna's Amended Complaint fails to plead a claim for discrimination alleging that Reyna has not suffered an "ultimate employment decision" such as "hiring, granting leave, discharging, promoting, or compensating."[7] The 5th Circuit Court of Appeals recently discussed the "adverse employment action" factor in employment discrimination cases in *Hamilton v. Dallas County,* where the issue is currently pending before an *en banc* court. As the Court explained, for almost 30 years, the Fifth Circuit has held to a rule a Title VII plaintiff alleging status-based discrimination must proffer an "ultimate" adverse employment action as part of his prima facie case, which has been

---

[3] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[4] *Id.* at 678.

[5] Id.

[6] *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 239, 244 (5th Cir. 2009).

[7] Defendant's Motion to Dismiss Plaintiff's Amended Complaint, pp.3-4.

*Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint*

defined to mean a relatively small group of possible actions including hiring, granting leave, discharging, promoting, or compensating.[8]

In *Hamilton*, the Court was required by precedent to find that female firefighters who had been denied weekends off had not suffered an "adverse employment action," but the Court asked for a rehearing *en banc* so that the 5th Circuit may examine this rule, as other Circuits have determined that conduct other than ultimate employment decisions can constitute adverse employment action.[9]

> Given these holdings by our sister circuits, our circuit's deviation from the text of Title VII leaves us with the proverbial circuit split. Unshackled by our precedent limiting Title VII to apply only to "ultimate employment decisions, such as hiring, granting leave, discharging, promoting, or compensating an employee," Plaintiffs-Appellants would still have to satisfy their attendant burdens for a Title VII claim. However, they would remain in court with the opportunity to do so, especially at the Rule 12(b)(6) stage where they must only plead a plausible claim to relief.[10]

In the present case, Reyna's allegations include "ultimate employment decisions" – Reyna's Amended Complaint alleges that he was passed over for a promotion.[11] Reyna's Amended Complaint alleges that he was, at least temporarily, terminated from his position.[12] Reyna's Amended Complaint alleges that he was denied training and the Fifth Circuit has recognized that in some instances denied training can be an ultimate employment action. [13]

In addition to sufficiently pleading ultimate employment decisions under the 5th Circuit's current rule, it appears the 5th Circuit is poised to overturn that line of cases or at least broaden the definition of what constitutes an adverse employment action in the employment discrimination context.

---

[8] *Hamilton v. Dallas Cnty.*, 42 F.4th 550, 555 (5th Cir.), reh'g en banc granted, opinion vacated, 50 F.4th 1216 (5th Cir. 2022).

[9] *Id*. at 556.

[10] *Id.* at 557.

[11] Amended Complaint, ¶ 12

[12] Amended Complaint, ¶¶ 21, 23, 26.

[13] Rahman v. Exxon Mobile Corp., 56 F.4th 1041 (5th Cir.2023).

*Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint*

As such, Reyna's Amended Complaint is sufficient to state a claim for discrimination. Alternatively, this Court should wait for the Court's opinion in *Hamilton* before deciding whether Reyna's discrimination claims have been sufficiently pled.

### B. Reyna's amended complaint states a cause of action for disability discrimination and failure to accommodate under the ADA

Epiroc argues that Reyna's amended complaint fails to state a claim for disability discrimination alleging that Reyna has not shown that he was discriminated against due to a qualifying disability, and also argues that Reyna has not suffered a failure to accommodate.[14]

#### i. Reyna's finger condition is a qualifying disability.

Under the ADA, an individual suffers from a "disability," if that individual has "a physical ... impairment that substantially limits one or more major life activities."[15] The inquiry is whether Reyna's impairment substantially limits his ability "to perform a major life activity as compared to most people in the general population."[16] Reyna's Amended Complaint alleges that during his employment, Reyna suffered an injury to his finger which developed into a condition which limits Reyna's use of his hand and his ability to lift and bend his finger to perform some of the duties of an assembler.[17] Reyna's injury qualifies as a disability. The ADA includes "lifting" and "reaching" in its list of major life activities.[18]

#### ii. Despite Reyna's condition, Reyna was qualified for his position.

To be a qualified employee, Reyna must be able to show that he could either (1) "perform the essential functions of the job in spite of [his] disability," or (2) that "a reasonable accommodation of

---

[14] Defendant's Motion to Dismiss, pp. 9-12.

[15] *Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586, 590 (5th Cir. 2016); 42 U.S.C. § 12102(1).

[16] Id.

[17] Amended Complaint, ¶¶ 14, 49, 54.

[18] *See* 42 U.S.C. § 12102(2)(A) (stating that "major life activities include, but are not limited to ... lifting, bending, speaking, [etc.]"); see also 29 C.F.R. § 1630.2(i) (also including "reaching" as a major life activity).

6 of 13
*Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint*

[his] disability would have enabled [him] to perform the essential functions of his job."[19] Reyna's Amended Complaint states Reyna was a qualified employee due to his years of experience and responsibility to train other employees.[20] With a light duty accommodation, Reyna could continue to work as an assembler and mentor to trainees, an accommodation that has been provided to other Epiroc employees.[21]

### iii. Reyna was subjected to adverse employment actions because of Reyna's disability.

An "adverse employment action" for purposes of an ADA discrimination claim consists of "ultimate employment decisions," such as hiring, granting leave, discharging, promoting, or compensating.[22] The 5th Circuit Court applies Title VII case law on the adverse employment action element to ADA claims.[23] Accordingly, the 5th Circuit's upcoming decision in *Hamilton* will determine whether the Court's standard will be relaxed.[24] Reyna's Amended Complaint states the following adverse employment actions resulting from Reyna's disability: denial of promotions, three separate, albeit temporary, terminations, scrutiny of Reyna's performance through filmed surveillance, requiring Reyna to perform regular duty tasks despite being on light duty, denial of training opportunities, demoting Reyna from mentoring employees to janitorial work, etc.[25] Whether or not the 5th Circuit decides to change the standard for the adverse employment action element, Reyna's Complaint is sufficient to state a claim for disability discrimination. Alternatively, this Court should wait for the Court's opinion in *Hamilton* before deciding whether Reyna's ADA discrimination claims have been sufficiently pled.

---

[19] *Cannon*, at 591.

[20] Amended Complaint, ¶ 55.

[21] Id.

[22] *McKay v. Johanns*, 265 Fed.Appx. 267, 268–69 (5th Cir. 2008).

[23] Id.

[24] See Section III.A., *infra*.

[25] Amended Complaint, ¶ 50.

iv. **Epiroc failed to accommodate Reyna's disability.**

A prima facie case for ADA failure to accommodate requires that a plaintiff show: "(1) the employer is covered by the statute; (2) [he] is an individual with a disability; (3) [he] can perform the essential functions of the job with or without reasonable accommodation; and (4) the employer had notice of the disability and failed to provide accommodation."[26] Reyna's Amended Complaint meets this criteria. Epiroc was aware of Reyna's condition, as it stemmed from a workplace injury for which Epiroc placed Reyna on FMLA leave.[27] Instead of allowing Reyna to continue in his role as a mentor or offering light duty work which Epiroc offers to other employees, Epiroc failed to engage in an interactive process and placed Reyna on FMLA leave.[28]

Additionally, the Fifth Circuit has held that FMLA leave is not a reasonable accommodation because FMLA and reasonable accommodations serve entirely different purposes[29]. Thus, if FMLA is not a medical accommodation then by definition Epiroc failed to accommodate Reyna by forcing him to take FMLA leave when other reasonable accommodations were available. Since Epiroc can only establish that Reyna's request for light duty work and to continue mentoring were not reasonable accommodations by establishing that they would have been an unreasonable burden, such analysis is not appropriate at the 12(b)(6) stage.

C. **Reyna's amended complaint states a cause of action for hostile work environment under Title VII and the TCHRA.**

A *prima facie* case of harassment alleging a hostile work environment claim under Title VII requires: (1) that he belongs to a protected class; (2) he was subject to unwelcome harassment; (3) the harassment complained of was based on his protected characteristic; (4) the harassment affected a term,

---

[26] *Mzyk v. Ne. Indep. Sch. Dist.*, 397 Fed.Appx. 13, 15 n. 3 (5th Cir.2010) (per curiam); *Bennett v. Dallas Indep. Sch. Dist.*, 936 F. Supp. 2d 767, 781 (N.D. Tex. 2013).

[27] Amended Complaint, ¶¶ 14, 23.

[28] *Id*. at ¶¶ 56-57.

[29] *Acker v. General Motors, LLC.*, 853 F.3d. 784(5th Cir.2017).

*Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint*

condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action.[30] Epiroc's Motion to Dismiss argues that Reyna's Amended Complaint does not allege harassment "sufficiently severe or pervasive" to state a plausible claim for hostile work environment.[31]

To determine whether an environment was objectively offensive, courts consider the totality of the circumstances, including the frequency of the conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with the employee's work performance.[32] "Workplace conduct is not measured in isolation."[33] For a hostile working environment to be deemed sufficiently hostile, all of the circumstances must be taken into consideration.[34] "No single factor is determinative."[35]

Reyna's Amended Complaint provides a list of offensive conduct by Reyna's supervisor and other Epiroc managers, spanning over several years, which began with comments by Reyna's supervisor about the size of Reyna's Hispanic family and have culminated in Epiroc supervisors and human resources personnel regularly singling Reyna out for direct supervision and filming, making negative comments about his work duties, deactivating his access badge on multiple occasions, and encouraging Epiroc employees to ridicule Reyna's medical condition.[36] If proven, these facts establish a prima facie case of hostile work environment discrimination.

    D.  **Reyna's amended complaint states a cause of action for retaliation.**

---

[30] *Alzuraqi v. Grp. 1 Auto., Inc.*, 921 F. Supp. 2d 648, 658 (N.D. Tex. 2013) (citing *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002).

[31] Defendant's Motion to Dismiss, pp. 13-14.

[32] *EEOC v. WC & M Enter., Inc.,* 496 F.3d 393, 399 (5th Cir.2007).

[33] *Ramsey v. Henderson,* 286 F.3d 264, 268 (5th Cir.2002) (citing *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001)).

[34] *Id.*

[35] *Id.*

[36] Amended Complaint, ¶¶ 10-30, 39.

*Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint*

To establish a retaliation claim, the employee must show that: (1) [he] "participated in an activity protected by Title VII;" (2) [his] "employer took an adverse employment action against" [him]; and (3) "a causal connection exists between the protected activity and the adverse employment action."[37] Unlike in a discrimination context, where an adverse employment action requires an "ultimate employment decision," in the retaliation context, an adverse employment is one that "a reasonable employee" would find "materially adverse, which ... means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."[38] Epiroc argues that Reyna has not stated a plausible claim for retaliation because Reyna has not alleged an "ultimate employment decision" caused by Reyna's reporting of his supervisor's discriminatory actions.[39] Epiroc's argument is factually and legally incorrect.

Reyna's Amended Complaint alleges adverse employment actions on the part of EDS, directly following and stemming from Reyna's report to Epiroc's human resources department regarding Supervisor Gudgel's comments about Reyna's Hispanic family and Gudgel's actions following Reyna's complaints to HR, including denying Reyna training opportunities, denying Reyna access to the construction floor and the rigs, changing Reyna's job duties from mentoring to janitorial work, denying Reyna promotions in favor of other less experienced employees who Reyna had trained; singling Reyna out for direct supervision and filming of his work; requiring Reyna to work regular duty tasks while ordered to be on light duty due to an injury; involving supervisors and co-employees in aggressively demanding Reyna work regular duty tasks while recovering from Reyna's injury; removing from a mentoring role in favor of a white employee; the Vice President of Operations for Epiroc warning Reyna that he should stop making complaints to human resources; deactivating his

---

[37] *Newbury v. City of Windcrest*, 991 F.3d 672, 678 (5th Cir. 2021); *Wallace v. Performance Contractors, Inc.*, 57 F.4th 209, 224 (5th Cir. 2023).

[38] *Hudson v. Lincare, Inc.*, 58 F.4th 222, 231 (5th Cir. 2023) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 165 L.Ed.2d 345 (2006)).

[39] Defendant's Motion to Dismiss, pp. 15-16.

*Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint*

work badge on several occasions; Gudgel falsely accused Reyna of stealing Epiroc property; Gudgel denied Reyna overtime opportunities in favor of less experienced employees; and Epiroc supervisor Peter Chung put Reyna in an unsafe position, requiring Reyna and two trainees to perform a task customarily completed by six employees. [40] These actions were undeniably materially adverse to Reyna because the actions would have dissuaded a reasonable worker from making or supporting a charge of discrimination."[41]

In *McCoy,* the Fifth Circuit recognized that *Burlington Northern & Santa Fe Railway Co. v. White,* 773 F.3d 688 (2006), rejected the Fifth Circuit's standard for evaluating "adverse employment actions" for retaliation claims[42]. The Fifth Circuit historically limited "adverse employment action" for both retaliation and discrimination claims to "ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." The Supreme Court instead recognized that an adverse employment action in the retaliation context was "any action that might well have dissuaded a reasonable worker from making or supporting a charge of discrimination."[43]  As such, Reyna has alleged sufficient adverse employment actions to meet the broader standard of retaliation claims.

## IV.  CONCLUSION

Epiroc has filed a motion to dismiss Reyna's claims for discrimination and retaliation, arguing that Reyna's Amended Complaint does not state plausible claims for these actions. On the contrary, Reyna's Amended Complaint presents claims that are facially plausible, showing Reyna is entitled to relief under state and federal discrimination and retaliation laws. Epiroc supervisors and employees subjected Reyna to a hostile work environment and retaliation based on Reyna's Hispanic origin, his

---

[40] Amended Complaint, ¶¶ 10-36.

[41] *Hudson v. Lincare, Inc.,* 58 F.4th 222, 231 (5th Cir. 2023) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 165 L.Ed.2d 345 (2006)).

[42] *McCoy v. City of Shreveport,* 492 F.3d 551, 559 (5th Cir. 2007).

[43] *Id.*

*Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint*

disability, and for exercising his right to work free from a hostile, discriminatory workplace. Justice requires that Reyna be afforded the opportunity to participate in a discovery process so that he may prove his claims in court. Accordingly, Epiroc's motion should be denied.

Dated July 26, 2023

Respectfully Submitted,

| | |
|---|---|
| */s/ Lisa Ventress* | */s/ Kyla Cole* |
| Lisa Ventress | Kyla Gail Cole |
| Texas Bar No. 24076751 | Texas Bar No. 24033113 |
| THE VENTRESS FIRM, P.C. | Neill Legler Cole PLLC |
| 1322 Space Park Dr. Suite C222 | 3141 Hood Street, Ste. 200 |
| Houston, Texas 77058 | Dallas, Texas 75219 |
| (832) 240-4365 – Phone | (214) 748-7777 |
| (832) 565-1752 –Fax | (214) 748-7778 (facsimiles) |
| lisa@theventressfirm.com | christine@nlcemployeelaw.com |
| | jane@nlcemployeelaw.com |
| | kyla@nlcemployeelaw.com |

**ATTORNEYSS FOR PLAINTIFF**

*Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint*

## Certificate of Service

      The undersigned hereby certifies that on July 26, 2023, the foregoing was electronically filed using the CM/ECF System, which will send notification of such filing to the following Counsel of Record for Defendant:

Eva W. Turner
Rachel E. Roney
Ogletree, Deakins, Nash, Smoak
& Stewart PC
8117 Preston Ave. Suite 500
Dallas, Texas 75225

                                          */s/ Lisa Ventress*
                                          Lisa Ventress