IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDGAR REYNA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:23-cv-01005-X |
| | § | |
| EPIROC DRILLING SOLUTIONS LLC, | § | |
| | § | |
| Defendant. | § | |

**EPIROC DRILLING SOLUTION LLC'S**
**REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Epiroc Drilling Solutions LLC ("Epiroc") files its Reply in Support of its Motion to Dismiss (the "Motion") Plaintiff Edgar Reyna's ("Plaintiff") Complaint, and argues as follows:

### I.  SUMMARY

Plaintiff's Response to Epiroc's Motion (the "Response") failed to negate Epiroc's arguments in its Motion. Specifically, rather than arguing that Plaintiff's claims are valid under existing case law, Plaintiff pleads with this Court to wait to render a decision on the Motion until the Fifth Circuit rehears a case regarding the "ultimate employment decision" standard. Indeed, by making this argument, Plaintiff essentially admits that its position under current law—the law this Court must apply—fails. In another failed attempt to defeat Defendant's Motion, Plaintiff proffered *new facts* not pleaded in his Amended Complaint, all of which must be ignored. As explained in Epiroc's Motion, all of Plaintiff's claims fail under *current* case law and using Plaintiff's *current* set of facts. As Plaintiff failed to present any arguments that he has a plausible claim for discrimination, hostile work environment, or retaliation, the Court should grant Epiroc's Motion and dismiss Plaintiff's claims with prejudice.

## II.    ARGUMENT

A.    <u>The Court should disregard all new facts presented in the Response.</u>

In a futile attempt to defeat Defendant's Motion, Plaintiff alleges several new facts in his Response, none of which he included in his Complaint. Specifically, in his Response Plaintiff made the following new assertions, bolded below for the Court's convenience:

- Plaintiff "suffered an injury to his finger which **developed into a condition which limits Reyna's use of his hand and his ability to lift and bend his finger to perform some of the duties of an assembler**." (Response, p. 6).

- Brett Border deactivated Reyna's badge, "**indicating that Reyna's employment was terminated**." (*Id*. p. 2).

- Plaintiff claims, "Reyna was called back to work a few days later, but his job duties were **changed to janitorial services** (cleaning beams, doors shelves, and tables)."

- Plaintiff claims that prior to his **temporary termination**, his **primary job duty had been mentoring new employees**. **Gudgel ridiculed Reyna about his new job duties."** (*Id*. p. 2).

- Plaintiff claims Epiroc's offensive conduct "began with comments by Reyna's supervisor about the **size of Reyna's Hispanic family…and encouraging Epiroc employees to ridicule Reyna's medical condition**." (*Id*. p. 9).

- Plaintiff claims Jackie Gudgel, "a white male, **made discriminatory comments to Reyna about Reyna's request for additional tickets for his Hispanic family to attend a company picnic**." (*Id.* at pp. 1-2).

The court should ignore these facts entirely. A claim for relief must be made through a pleading. *See* Fed. R. Civ. P. 8(a). "Pleadings" do not include responses to motions to dismiss. *See* Fed. R. Civ. P. 7(a). "In reviewing a Rule 12(b)(6) motion, a court is limited to the allegations and theories set forth in the complaint that the district court had before it when granting the motion to dismiss." *Law v. Ocwen Loan Servicing, L.L.C.*, 587 F. App'x 790, 793 (5th Cir. 2014) (unpublished). This means that a court is limited to consideration of the pleadings, and matters or theories raised in a response are not part of the pleadings. Accordingly, "**the court may not**

**consider what Plaintiff has set forth in his response to the motion to dismiss.**" *Id.*; *see also Oyekwe v. Research Now Grp., Inc.*, 542 F. Supp. 3d 496, 504 (N.D. Tex. 2021) (emphasis added) ("[A] plaintiff may not amend his allegations through a response to a motion to dismiss."); *Powell v. Dallas Morning News LP*, 610 F. Supp. 2d 569, 582 (N.D. Tex. 2009) ("The court does not condone Plaintiff's 'moving target' approach to the Complaint in which it includes new facts and allegations in a response to a motion to dismiss.").

It is evident that Plaintiff intentionally embellished his arguments in a failed attempt to rescue his deficient claims. Accordingly, as Plaintiff's claims clearly cannot survive under his current set of facts, the Court must grant Epiroc's Motion.

**B.**     **Plaintiff's claims fail to meet the basic pleading requirements.**

   **1.**     **Plaintiff tacitly concedes his claims should be dismissed under current, binding precedent.**

In support of his discrimination claims, Plaintiff *asks the Court to wait* to decide Epiroc's Motion until the Fifth Circuit authors an opinion on a pending case. Specifically, Plaintiff cites to *Hamilton v. Dallas County*, 50 F.4th 1216 (5th Cir. 2022)—*a case yet to be scheduled for rehearing in front of the Fifth Circuit*—for the proposition that Plaintiff's allegations meet the ultimate employment decision standard.

Plaintiff's request is not only improper, but it evidences the fact that Plaintiff's *current* claims as they exist under *current, binding* precedent are insufficient to survive dismissal. Indeed, as this Court well knows, *current* Fifth Circuit precedent holds that an adverse employment action must be an "ultimate employment decision." *McCoy v. Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007).

Plaintiff points to no case law supporting his proposition that this court should *wait to see if* the Fifth Circuit *creates new law* before deciding this case under current, binding precedent. In

fact, about one month ago, the Court determined it "must follow existing, controlling law as **it is not its role to divert from precedent to anticipate what the Fifth Circuit may decide**." *United States v. Rao*, No. 3:19-CR-507-L, 2023 WL 4243230 at *6 (N.D. Tex. Jun. 26, 2023) (slip copy) (emphasis added). Similar to Plaintiff's improper request, in *Rao*, the defendant argued the Northern District should wait to determine defendant's appropriate sentencing guidelines until the Fifth Circuit reconciled a circuit split regarding the interpretation of current sentencing guidelines. *Id.* at *5. The Court refused, finding, "the Fifth Circuit has not yet changed its deference to the Guideline definitions and continues to apply existing controlling precedent." *Id.*

Indeed, since the Fifth Circuit ordered rehearing in the *Hamilton* case on October 12, 2022, federal courts in Texas have continued to apply the "ultimate employment decision" standard to discrimination cases. *See Allison v. Lyondell Chemical Co.*, No. 4:21-cv-03204, 2023 WL 4137484 at *4 (S.D. Tex. Jun. 22, 2023) (suspension without pay, lack of support, or large workloads "do not have the ultimacy required of an adverse action in this Circuit," in a Title VII discrimination claim); *see also Harris v. Amazon.com Inc.*, No. 3:22-cv-2279-C-BN, 2023 WL 3311099 (N.D. Tex. Apr. 18, 2023) (by merely alleging he received an undesirable work assignment, plaintiff failed to plead he suffered an adverse employment action, even though the court liberally construed the complaint to mean he received reassignment). This court should not divert from this practice at Plaintiff's direction.

    **2.**    **Plaintiff's Response failed to negate Epiroc's argument that Plaintiff's ADA discrimination and failure to accommodate claims are subject to dismissal.**

For the reasons explained in Epiroc's Motion, Plaintiff's claims are insufficient as a matter of law. However, even considering Plaintiff's embellished facts, the Court should still dismiss Plaintiff's disability discrimination claims. In support of his ADA claims, Plaintiff—incorporating new facts into his Response that he did not plead— asserts he "suffered an injury to his finger

which **developed into a condition which limits Reyna's use of his hand and his ability to lift and bend his finger to perform some of the duties of an assembler**." (Response, p. 6) (emphasis added). Throughout the course of Plaintiff's filings, his finger injury has evolved from a mere injury to "permeant (sic) loss of use of his finger which will never go away," to now "a condition which limits" use of his hand. (Amended Complaint, ¶ 49; Response p. 6). Plaintiff also newly asserts Brett Border deactivated Reyna's badge, "**indicating that Reyna's employment was terminated**." (Response, p. 2) (emphasis added). He also claims, "Reyna was called back to work a few days later, but his job duties were **changed to janitorial services** (cleaning beams, doors shelves, and tables). Prior to his **temporary termination**, his **primary job duty had been mentoring new employees**. **Gudgel ridiculed Reyna about his new job duties.**" (Response, p. 2) (emphasis added).

Even if Plaintiff had a "hand condition," and even if the Court could consider Plaintiff's newly pleaded facts (it cannot), this does not change Defendant's argument that Plaintiff does not have a qualifying disability as it does not affect his current work. In fact, Plaintiff alleged he currently works at Epiroc "with no restrictions." (Amended Complaint, ¶ 27). Accordingly, under binding case law cited by Epiroc, the Court should dismiss Plaintiff's disability discrimination claims.

      **3.**      **Plaintiff's Response failed to negate Epiroc's arguments with respect to Plaintiff's hostile work environment claim.**

Plaintiff claims Epiroc's offensive conduct "began with comments by Reyna's supervisor about the **size of Reyna's Hispanic family…and encouraging Epiroc employees to ridicule Reyna's medical condition.**" (Response, p. 9) (emphasis added). He also claims that Jackie Gudgel, "a white male, **made discriminatory comments to Reyna about Reyna's request for additional tickets for his Hispanic family to attend a company picnic**. Immediately following

---

his comments, Gudgel warned Reyna against reporting his discriminatory comments to the Epiroc's human resources department…" (Response, pp. 1-2) (emphasis added).

Even if these facts were true and properly alleged (again, they were not, as Plaintiff did not allege anyone at Epiroc commented about the size of his Hispanic family, or that anyone encouraged employees to ridicule his "medical condition" in his live pleading), Plaintiff's hostile work environment claim is still subject to dismissal. Plaintiff states Epiroc's conduct "spann[ed] over several years," beginning with a comment made roughly four years ago. (Response p. 9; Amended Complaint, ¶ 10). In his Response, Plaintiff does not dispute the notion that Epiroc's actions were not severe or pervasive. He cannot and does not explain how Plaintiff has been effected by these purported actions. On its face, Plaintiff's work environment is not so severe or pervasive to cause him any mental anguish or desire to quit his job.

4. **Plaintiff mischaracterizes Epiroc's argument with respect to his retaliation claim, and this claim still fails.**

In support of his retaliation claim, Plaintiff erroneously argues that Epiroc applied the "ultimate employment decision" standard. This is clearly untrue. Retaliation claims still require proof that Plaintiff suffered an adverse employment action, and that a causal connection exists between the protected activity and the adverse action. *Hypolite v. City of Houston, Tex.*, 493 F. App'x 597, 602 (5th Cir. 2012). As Epiroc properly argued in its Motion, adverse employment actions in retaliation claims include "any action that might well have dissuaded a reasonable worker from making or supporting a charge of discrimination." *McCoy*, 492 F.3d at 559.

Plaintiff's claims fail under this correct legal standard. Even if the Court considered Plaintiff's newly pleaded facts, the alleged actions cannot create a plausible claim for retaliation because nothing dissuaded Plaintiff from making or supporting a charge of discrimination. *McCoy*, 492 F.3d at 559; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In fact, Plaintiff alleged he "continued

to make reports to HR," up until at least February 6, 2023 and beyond. (Amended Complaint, ¶ 35, 36). For nearly five years, Plaintiff continued to engage in protected activity despite Epiroc's alleged retaliation. No reasonable inference of Epiroc's purported retaliatory actions meet the adverse level required to make out a retaliation claim under the discrimination statutes. Accordingly, the Court must dismiss this claim as a matter of law.

### III. CONCLUSION

Based on the foregoing and the arguments asserted in the Motion, Epiroc respectfully requests this court grant its Motion and dismiss Plaintiff's Amended Complaint.

Respectfully submitted,

*/s/ Eva W. Turner*
Eva W. Turner
Texas Bar No. 24051485
Rachel E. Roney, *pro hac vice*

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
8117 Preston Road, Suite 500
Dallas, TX  75225
214-987-3800 (phone)
214-987-3927 (fax)
eva.turner@ogletree.com
rachel.roney@ogletree.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of August, 2023, a true and correct copy of the foregoing document was served via the Court's ECF system on the following:

Lisa Ventress
THE VENTRESS FIRM, P.C.
1322 Space Park Dr., Suite C222
Houston, Texas 77058
lisa@theventressfirm.com

Kyla Gail Cole
NEILL LEGLER COLE, PLLC
3300 Oak Lawn Ave., Suite 425
Dallas, Texas 75219
kyla@nlcemployeelaw.com

*/s/ Eva W. Turner*
Eva W. Turner