## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **EDGAR REYNA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 3:23-cv-01005-X** |
| | § | |
| **EPIROC DRILLING SOLUTIONS LLC,** | § | |
| **Defendant.** | § | |

## EPIROC DRILLING SOLUTION LLC'S
## SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

In light of the Fifth Circuit's August 18, 2023's decision in *Hamilton v. Dallas County*, No. 21-10133, 2023 WL 5316716 (5th Cir. Aug. 18, 2023), Defendant Epiroc Drilling Solutions LLC ("Epiroc") files this Supplemental Brief in Support of its Motion to Dismiss (the "Motion") Plaintiff Edgar Reyna's ("Plaintiff") Complaint, and argues as follows:

## I.    SUMMARY

In his response to Epiroc's Motion, Plaintiff asked the Court to wait to decide the merits of the Motion until the Fifth Circuit issued a ruling in *Hamilton*. A few days ago, the Court published its decision.

Epiroc files this Supplemental Brief to explain why the *Hamilton* decision in no way affects how the Court should rule on Epiroc's Motion. For the reasons explained below, and in light of *Hamilton*, Plaintiff failed to present any arguments that he has a plausible claim for discrimination, hostile work environment, or retaliation. The Court should grant Epiroc's Motion and dismiss Plaintiff's claims with prejudice.

## II.    ARGUMENT[1]

**A.    Plaintiff failed to allege facts that he was discriminated against "because of a protected characteristic."**

As the Court is likely aware, in *Hamilton*, the Dallas County Sheriff's Department used "a sex-based policy to determine which two days an officer" can have off of work each week. *Hamilton*, 2023 WL 5316716 at *1. Specifically, per the policy, "[o]nly men can select full weekends off—women cannot" and instead, "female officers can pick either two weekdays off or one weekend plus one weekday." *Id.* As the Fifth Circuit summarized, it was the County's policy that "[f]emale officers never get a full weekend off." *Id.* The County filed a Motion to Dismiss arguing that the female offers did not suffer any adverse employment action to support their sex discrimination claim. After reviewing the applicable statute, case law from other circuits, and the Fifth Circuit's own case law, the Court overruled its prior precedent and held as follows:

> To adequately plead an adverse employment action, plaintiffs need not allege discrimination with respect to "ultimate employment decision." Instead, a plaintiff need only show that she was discriminated against, because of a protected characteristic, with respect to hiring, firing, compensation, or the "terms, conditions or privileges of employment"—just as the statute says. The officers here have done so.

*Id.* at *8. In *Hamilton*, it was undisputed that the scheduling policy was sex-based. Indeed, the Court noted that "the County does not dispute its discriminatory intent." *Id.* at 6. This policy is diametrically opposite of Plaintiff's claims in this case. In his Response Brief, Plaintiff identifies 15 acts of alleged harassment, discrimination, and retaliation by Epiroc. It is clear just from reading this list—and Plaintiff's Complaint—that none of these issues arise from any policy by Epiroc, let

---

[1] This supplemental brief only addresses the Fifth Circuit's *Hamilton* case. But as explained in Epiroc's Reply in Support of its Motion to Dismiss, the Court should still disregard all new facts presented by Plaintiff in his Response brief.

alone a policy based on an individual's protected characteristic. In addition, Plaintiff failed to plead sufficient facts that the alleged acts occurred *because of* Plaintiff's protected characteristics.

For example, Plaintiff complains that he "requested training opportunities" and "he was denied." Response at 2. Plaintiff does not allege that he was denied these opportunities *because of his protected characteristic*, and he does not claim Epiroc had a policy that only non-Hispanic employees received certain training. As Epiroc argued in its Motion to Dismiss, Plaintiff fails to even allege facts regarding *what* trainings he was allegedly denied, *when* this happened, *who* allegedly received the training over him, or any other details in support of this vague and baseless claim.

While *Hamilton* may have revised the burden of proof for a Plaintiff to support a claim of discrimination, it did not eliminate the burden altogether. Instead, a Plaintiff *must* allege facts the he was discriminated against *because of* a protected characteristic. Plaintiff failed to do so; the Court should grant Defendant's Motion.

**B.**     **At best, Plaintiff alleges "de minimis" discrimination, which cannot support his claims.**

In discussing the limitations of what harms Title VII was designed to protect, the Court in *Hamilton*, affirmed the principle that federal courts, through interpretive case law, should not "transform Title VII into a general civility code for the American workplace." *Id.* at 16. The Court then held that "Title VII…does not permit liability for de minimis workplace trifles." *Id.* at *8. To expand upon this ruling, the Court cited in a footnote to a series of cases in other circuits further identifying the reach of Title VII with respect to workplace issues. While the Court, in explanatory parentheticals, highlighted the language these courts used as a threshold for liability (e.g., "materially adverse" or "serious and tangible enough") a closer reading of these cases also reveals the types of "de minimis" harms that fall outside the scope of even the Court's expanded reading

of Title VII. For example, in *Morales-Vallellanes v. Potter*, 605 F.3d 27, 38 (1st Cir. 2010), the court found an employer's temporary rotation of an employee's preferred distribution duties to a female clerk was not a materially adverse employment action. In *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 376 (4th Cir. 2004), the court held "the mere fact that a new job assignment is less appealing to the employee…does not constitute adverse employment action." In *Threat v. City of Cleveland, Ohio*, 6 F.4th 672, 679 (6th Cir. 2021), the court found that employer-required shift changes from one day to the next, while not preferable, do not exceed a "de minimis" threshold.

Here, Plaintiff claims he was passed over for preferred mentoring duties, and was "demoted" to cleaning beams, doors, shelves, and tables. Amended Complaint, ¶ 46. Similar to the employee in *Morales-Vallellanes*, *James*, and *Threat*, Plaintiff only alleges that Epiroc shifted his responsibilities. According, the arguments presented in Epiroc's Motion remain meritorious, and the Court should dismiss Plaintiff's Complaint with prejudice.

### III.   CONCLUSION

Based on the foregoing and the arguments asserted in the Motion and Reply, Epiroc respectfully requests this court grant its Motion and dismiss Plaintiff's Amended Complaint.

Respectfully submitted,

*/s/ Eva W. Turner*
Eva W. Turner
Texas Bar No. 24051485
Rachel E. Roney, *pro hac vice*

OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
8117 Preston Road, Suite 500
Dallas, TX  75225
214-987-3800 (phone)
214-987-3927 (fax)
eva.turner@ogletree.com
rachel.roney@ogletree.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of August, 2023, a true and correct copy of the foregoing document was served via the Court's ECF system on the following:

Lisa Ventress
THE VENTRESS FIRM, P.C.
1322 Space Park Dr., Suite C222
Houston, Texas 77058
lisa@theventressfirm.com

Kyla Gail Cole
NEILL LEGLER COLE, PLLC
3300 Oak Lawn Ave., Suite 425
Dallas, Texas 75219
kyla@nlcemployeelaw.com

*/s/ Eva W. Turner*
Eva W. Turner