IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDGAR REYNA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 3:23-cv-01005-X |
| | § | |
| EPIROC  DRILLING SOLUTION, LLC, | § | |
| | § | |
| *Defendant.* | § | |

<u>EDGAR REYNA'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO
EPIROC DRILLING SOLUTION, LLC'S SUPPLEMENTAL RESPONSE
IN SUPPORT OF ITS MOTION TO DISMISS</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Edgar Reyna, and submits the following Supplemental Response in

Opposition to Defendant's Supplemental Response in Support of its Motion to Dismiss Plaintiff's

Amended Complaint and Brief in Support. For the reasons set out in the Memorandum, Defendant's

Motion should be denied.

**I.   BACKGROUND**

1.    Defendant filed its Motion to Dismiss Plaintiff's Amended Complaint on July 5, 2023.

(Doc. 22).   Plaintiff filed her Response on July 26.  (Doc.24).  Defendant filed its Reply brief on

August 9, 2023 (Doc.25).

2.    On August 18, 2023, the Fifth Circuit issued an en banc decision in *Hamilton v. Dallas

County*, No. 21-10133, 2023 WL 5316716 (5th Cir. Aug. 18, 2023). **Exhibit A.**

3.      Defendant submitted a supplemental Response on August 31, 2023.  Inaccurately argu-

ing and interpreting that the Fifth Circuit's decision ending their thirty-year requirement of an adverse

employment action.

## II.   PLAINTIFF ALLEGES SUFFICIENT FACTS TO SURVIVE 12B6 IN LIGHT OF THE 5TH CIRCUIT'S NEW RULING IN HAMILTON.

In Hamilton, the Fifth Circuit ended its narrow interpretation of Title VII and held that "Thus, to

plead an adverse employment action, a plaintiff need only allege facts plausibly showing discrimination

in hiring, firing, compensation, or in the 'terms, conditions, or privileges' of his or her employment."

*Id.* at p. 12.  The Fifth Circuit goes on to find that at the pleading stage allegations that women were not

allowed to work a preferred shift and were denied seniority privileges was sufficient to overcome a

12(b)(6) motion.  *Id.* at 17.

### 1.      THE SOLE BASIS FOR EPIROC'S MOTION TO DISMISS PLAINTIFF'S DISCRIMINATION CLAIMS WAS THE ALLEGED LACK OF AN ADVERSE EMPLOYMENT ACTION.

In the Motion to Dismiss the only basis that Epiroc argued to dismiss Plaintiff's national origin

and race discrimination claims and his claims for retaliation was the alleged lack of an adverse em-

ployment action. *See, section III(A)(1) and III(D).*  As such, Defendant's last-minute attempt to change

the argument to be that Plaintiff's national origin and race discrimination claims and retaliation claims

must fail because the harm alleged was not "because of" Reyna's protected category must fail.

However, Defendant's arguments also fail because they are blatantly untrue.  Plaintiff did allege

that the actions taken against him were because of his protected class:

> Defendant's supervisors, managers and human resource personnel engaged in racially
> harassing and discriminatory conduct against Plaintiff in that they treated him differently
> than Non-Hispanic employees, singled him out and constantly threatened to remove him
> from his job or job duties.  Defendant engaged in this conduct because of Plaintiff's na-
> tional origin and race, Hispanic.  The conduct was severe or pervasive enough to create
> a work environment that a reasonable person would consider intimidating, hostile, or
> abusive. *Plaintiff's Amended Complaint at* ¶ 39.

*Supplemental Response in Opposition to Defendant's Motion to Dismiss*

Defendant intentionally discriminated against Plaintiff in violation of Title VII, 42 USC Section 1981 and the TCHRA. ¶ 41.

Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of his national origin and race within the meaning of the statutes. ¶ 42.

Defendant, by and through Defendants agents, discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment in violation of 42 U.S.C. Section 2000e-(2)(a). The effect of these practices have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of Plaintiff's national origin (Hispanic). ¶ 43.

Defendant, by and through Defendant's agents, discriminated against Plaintiff on the basis of National Origin and race with malice or with reckless indifference to the protected rights of Plaintiff. ¶ 44.

Defendant, by and through its agents, intentionally deprived Plaintiff of an equal employment opportunity that was provided to non-hispanic employees similarly situated in violation of Title VII. ¶ 45.

Defendant took such adverse action because of Plaintiff's disability and requests for accommodation. ¶ 451.

Defendant retaliated against Plaintiff for these complaints by taking the following adverse actions. ¶ 62.

As such, Defendant's newly asserted argument that Plaintiff has not sufficiently alleged that the adverse acts were "because of" Plaintiff's protected class must fail. Additionally, to the extent that Defendant attempts to argue that this case is different from *Hamilton* because the *Hamilton* plaintiffs alleged that the County had a sex-based policy and because the *Hamilton* defendant did not dispute intent, these are red herrings. Although the *Hamilton* case involved a policy, the Fifth Circuit did not limit their analysis to only adverse actions that resulted from a policy. Indeed, the Court makes it plain that Title VIII prohibits any action that affects the "terms, conditions, and privileges of employment" unless the action is de minimis. Nowhere in the text does the Court limit its analysis to adverse actions that result from a formal policy and Title VII has never contained such a limitation. Moreover, at the 12(b)(6) stage it should

*Supplemental Response in Opposition to Defendant's Motion to Dismiss*

not matter if a defendant disputes intent since all of the Plaintiff's allegations must be accepted as true.

### 2.    PLAINTIFF ALLEGES MORE THAN DE MINIMIS ADVERSE ACTIONS

Epiroc then asks this Court to dismiss all of Plaintiff's claims because two of the adverse actions alleged by Plaintiff are similar to allegations that were found to be de minimis and not rise to the level of adverse actions by other circuit courts.  In *Hamilton,* the Fifth Circuit refused to define a de minimis standard at the 12(b)(6) stage, "[b]ut whatever standard we might apply, it is eminently clear that the Officers' allegations would satisfy it at the pleading stage."   In fact, all three cases cited by Defendant from other circuits were summary judgment decisions.  As such, Plaintiff urges this Court to deny Defendant's 12(b)(6) motion and reserve weighing each of the adverse actions alleged by Plaintiff until the summary judgment stage.  *Id.* at 17.  Each of the harms alleged by Plaintiff might rise above de minimis levels depending on the facts developed.

Additionally, Defendant only appears to challenge two harms alleged by Plaintiff as de minimis, but Plaintiff asserted fifteen different adverse actions including denied promotions, forced leave of absence, denial of overtime, denial of training, threats to take away his workers compensation benefits and placement in unsafe working conditions.  Each of these harms are more than sufficient to meet the 5th Circuit's new standard. Finally, Plaintiff's Plaintiff in his Response brief has not alleged new facts, but only expounds with further detail on facts plead in his amended complaint, which demonstrate more than de minimus adverse actions.

## IV.  CONCLUSION

Epiroc has filed a motion to dismiss Reyna's claims for discrimination and retaliation, arguing that Reyna's Amended Complaint does not state plausible claims for these actions. On the contrary, Reyna's Amended Complaint presents claims that are facially plausible, showing Reyna is entitled to

*Supplemental Response in Opposition to Defendant's Motion to Dismiss*

relief under state and federal discrimination and retaliation laws. Epiroc supervisors and employees subjected Reyna to a hostile work environment and retaliation based on Reyna's Hispanic origin, his disability, and for exercising his right to work free from a hostile, discriminatory workplace. Justice requires that Reyna be afforded the opportunity to participate in a discovery process so that he may prove his claims in court. Accordingly, Epiroc's motion should be denied.

Dated September 16, 2023                    Respectfully Submitted,

                                      By:   */s/ Lisa Ventress*
                                            Lisa Ventress
                                            Texas Bar No. 24076751
                                            THE VENTRESS FIRM, P.C.
                                            1322 Space Park Dr. Suite C222
                                            Houston, Texas 77058
                                            (832) 240-4365 – Phone
                                            (832) 565-1752 –Fax
                                            lisa@theventressfirm.com


                                            _____
                                            Kyla Gail Cole
                                            Texas Bar No. 24033113
                                            Neill Legler Cole PLLC
                                            3141 Hood Street, Ste. 200
                                            Dallas, Texas 75219
                                            (214) 748-7777
                                            (214) 748-7778 (facsimiles)
                                            christine@nlcemployeelaw.com
                                            jane@nlcemployeelaw.com
                                            kyla@nlcemployeelaw.com

                                      **ATTORNEYS FOR PLAINTIFF**


**Certificate of Service**

*Supplemental Response in Opposition to Defendant's Motion to Dismiss*

The undersigned hereby certifies that on September 16, 2023, the foregoing was electronically

filed using the CM/ECF System, which will send notification of such filing to the following Counsel of

Record for Defendant:

Eva W. Turner
Rachel E. Roney
Ogletree, Deakins, Nash, Smoak
& Stewart PC
8117 Preston Ave. Suite 500
Dallas, Texas 75225

/s/ Lisa Ventress

Lisa Ventress

*Supplemental Response in Opposition to Defendant's Motion to Dismiss*

6