UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDGAR REYNA, | § § § § § § § § § § | |
| *Plaintiff,* | | |
| v. | | Civil Action No. 3:23-CV-1005-X |
| EPIROC DRILLING SOLUTIONS, LLC, | | |
| *Defendant.* | | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Epiroc Drilling Solutions, LLC's (Epiroc) emergency motion for reconsideration of the Court's memorandum opinion and order granting in part and denying in part Epiroc's motion for summary judgment. (Doc. 84). The Court **DENIES** the motion.

Epiroc's motion only takes issue with the Court's ruling with respect to the failure to accommodate claim under the Americans with Disabilities Act. Epiroc argues that the Court erred for two reasons.

First, Epiroc argues that "Everyone—the Court, Reyna, and Epiroc—agrees that Reyna could not perform ***all*** of the essential functions of his job as an Assembler with one hand."[1] Epiroc misunderstands the Court's order and Edgar Reyna's evidence. Far from admitting he could not perform all the essential functions, Reyna's declaration states that he worked as an assembler using only one hand for

---

[1] Doc. 84 at 3.

1

at least three months.[2] At the motion for summary judgment stage, Court must draw all facts and inferences in favor of the nonmovant.[3] A natural and reasonable inference of the fact that Epiroc allowed Reyna to work as an assembler is that Epiroc allowed Reyna to work as an assembler and was performing the essential functions of an assembler. The Court understands that Epiroc believes it musters great evidence for its position that Reyna was actually not qualified for the position, but the Court is not interested in weighing the evidence—that job is for the jury. The Court declines to usurp the jury's role.

Second, Epiroc argues that the Court erred when it found that placing Reyna on leave was not a reasonable accommodation. But the Court never did find that. The Court stated that leave is "not *necessarily* a reasonable accommodation."[4] This should come as no surprise. Someone who breaks his foot while working for a remote-work call center would hardly be reasonably accommodated by being placed on unpaid leave.

Epiroc goes on to argue that this case is similar to *Austgen v. Allied Barton Sec. Servs., L.L.C.*,[5] because, *inter alia*, Epiroc placed Reyna on a short leave as an accommodation. But again, placing someone on leave *can* be a reasonable accommodation—it is not *always* a reasonable accommodation. If Reyna could work,

---

[2] Doc. 68 at App. 686.

[3] *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224 (5th Cir. 2016).

[4] Doc. 82 at 47.

[5] 815 F. App'x 772 (5th Cir. 2020).

and as he states—did work, as an assembler, a reasonable jury could find that placing him on leave was not a reasonable accommodation.

Accordingly, the Court **DENIES** Epiroc's motion for reconsideration.

**IT IS SO ORDERED** this 31st day of January, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE